MARCO, APPELLANT, *v.* WILHELM, APPELLEE.

(No. 1865—Decided December 14, 1983.)

*Mr. J. Douglas Drushal,* for appellant.

*Mr. Timothy Wilhelm, pro se.*

GEORGE, J. The plaintiff-appellant, Richard J. Marco, appeals from the judgment of the trial court denying his action for an order to garnish Timothy Wilhelm's wages. This court reverses the judgment.

Marco represented Wilhelm's former wife in an action for dissolution of marriage. The domestic relations court granted the divorce. Wilhelm was ordered to pay Marco's fees. He failed to do so.

On May 7, 1982, Marco filed a complaint against Wilhelm to collect the amount Wilhelm owed him. On June 29, 1982, default judgment was entered for Marco in the amount of $644.48.

In a proceeding in aid of execution on that judgment, Marco attempted to garnish Wilhelm's wages. The trial court denied the garnishment on the basis that Wilhelm's wages were already subject to a garnishment for the support of dependents. Thus, the trial court held that Marco's garnishment was barred by R.C. 2716.03(B).

Marco's sole assignment of error concerns the trial court's finding that Wilhelm's wages were subject to a prior garnishment. The record reveals that Wilhelm failed to pay support as ordered by the domestic relations court. His former wife brought an action, pursuant to R.C. 3113.21, to withhold Wilhelm's personal earnings to pay support. As a result, on October 7, 1982, Wilhelm's employer was ordered to withhold $255 per month from Wilhelm's personal earnings until further notice.

Subsequent to the domestic relations court order, Marco initiated this action in garnishment under R.C. Chapter 2716. R.C. Chapter 2716 provides that a debtor, such as Wilhelm, can have his wages subject to only one garnishment order within a thirty-day period. R.C. 2716.03(B). The trial court found that the domestic relations court order for support constituted a garnishment, thus prohibiting further garnishment actions against Wilhelm's wages so long as the support order was in effect.

At the outset, it must be noted that a court order to withhold wages for support pursuant to R.C. 3113.21(A) constitutes a special garnishment. *Sheahan* v. *Dept. of Liquor Control* (1974), 44 Ohio App. 2d 393 [73 O.O.2d 520]. At issue here is the interrelationship between a creditor's garnishment and a support garnishment under Ohio law.

The provisions of R.C. Chapter 2716 control creditor garnishments. R.C. 2716.01(A) states:

"A person who obtains a judgment against another person may attach the personal earnings of the person against whom judgment was obtained, through an action in garnishment of personal earnings, *only in accordance with this chapter.*" (Emphasis added.)

This language indicates that the provisions of R.C. Chapter 2716 were meant to apply only to creditor garnishments. Therefore, the protection against multiple garnishments under R.C. 2716.03(B) operates as follows: (1) only subsequent

creditor garnishments will be barred by a previous garnishment; and (2) only a prior creditor garnishment, obtained pursuant to R.C. Chapter 2716, will serve as a bar to subsequent creditor garnishments.

While a prior garnishment for support does not operate as an automatic bar to subsequent creditor garnishments, this court is cognizant of the effect that support garnishments might have on creditor garnishments. R.C. 2329.66(B)(1) defines "disposable earnings" as follows:

" 'Disposable earnings' means net earnings after the garnishee has made deductions required by law, excluding the deduction ordered pursuant to section 3113.21 of the Revised Code."

Further, R.C. 2329.66(A)(13)(b) establishes a twenty-five percent limitation on the percentage of disposable earnings which can be withheld in order to satisfy a judgment creditor. (This law is comparable to the Consumer Credit Protection Act, Section 1601 *et seq.*, Title 15, U.S. Code.) While Ohio law is silent on the interrelationship between creditor garnishments and support garnishments, guidance can be found by looking at federal law.

In *Long Island Trust Co.* v. *United States Postal Service* (C.A. 2, 1981), 647 F. 2d 336, the United States Court of Appeals analyzed the interrelationship between support garnishments and creditor garnishments. In that case, forty-two percent of an employee's income was being withheld pursuant to a support garnishment. A judgment creditor attempted to garnish an additional ten percent of the employee's wages. The employer refused to garnish this additional amount, claiming that the twenty-five percent limitation on creditor garnishments established by the Consumer Credit Protection Act barred further garnishments. The judgment creditor filed a complaint against the employer. This complaint was dismissed by the trial court. The court of appeals affirmed the judgment of the trial court, stating at page 341:

"* * * [W]here, as here, support garnishments have priority and result in the withholding of 25 percent or more of an employee's disposable earnings, creditor garnishment is impermissible under the Act.

"Our conclusion is reinforced by the manner in which §1673 has been construed by the Secretary of Labor, who is charged with enforcing the provisions of the Act. Department of Labor regulations state in pertinent part as follows:

" 'Compliance with the provisions of section [1673](a) and (b) may offer problems when there is more than one garnishment. In that event the priority is determined by State law or other Federal laws as the CCPA contains no provisions controlling the priorities of garnishments. However, in no event may the amount of any individual's disposable earnings which may be garnished exceed the percentages specified in section [1673]. To illustrate:

" '* * *

" '(iv) If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with State law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section [1673(a) ].'

"29 C.F.R. §870.11. * * *' "

Accordingly, a prior garnishment for support will serve to bar a subsequent creditor garnishment only if that garnishment is for twenty-five percent or more of an individual's disposable earnings. If the garnishment for support is less than twenty-five percent, a creditor has the right to garnish an amount equal to the difference between the percent of the individual's earnings subject to garnishment for support and the twenty-five percent limitation.

This position is supported by the provisions concerning garnishment for sup-

port. R.C. 3113.21(C) provides that support garnishments have priority over creditor garnishments. This does not mean that support garnishments automatically nullify creditor garnishments. Rather, the two may co-exist so long as their co-existence does no violence to the twenty-five percent limitation upon wages which are subject to garnishment.

Accordingly, Marco's assignment of error is sustained. The record indicates that $255 per month was being withheld from Wilhelm's wages for support. However, the record does not reveal the amount of Wilhelm's disposable earnings. Without this information this court cannot determine whether any additional wages could be garnished by Marco.

Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings to determine whether the twenty-five percent limitation has been reached by the support garnishment. If it has, Marco's garnishment is barred, and, if it has not, then Marco may garnish such amount remaining up to the twenty-five percent limitation.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and MAHONEY, J., concur.