NURSE, APPELLEE, *v.*
PORTIS, APPELLANT.

(No. 12772—Decided
February 25, 1987.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Kenneth L. Gibson,* for appellant.

GEORGE, J. Judith L. Nurse, plaintiff-appellee, filed an application for child support against Gregory Portis, defendant-appellant, pursuant to R.C. 2151.23(B)(4). The two children sought to be supported were declared to be Portis' children by the probate court on July 3, 1973 in case Nos. 29772 and 29773.

In his answer, Portis acknowledged paternity of one child, but denied the paternity of the other. He asked the court to "set a reasonable support figure with respect" to the one child "considering the defendant's other obligations." A hearing was scheduled before a referee on November 18, 1985 and continued for a hearing before the trial judge on December 19, 1985. This, too, was continued until February 20, 1986.

Portis' denial of paternity of the second child was withdrawn at the February 20, 1986 hearing. The trial court was made aware that Portis was under a prior domestic relations court order for child support for two other children. The matter was continued so that the trial court could verify Portis' income.

On March 17, 1986, Portis' counsel furnished the court with Portis' earnings statement for February 1986, along with other documents pertaining to his expenses. Thereafter, on June 16, 1986, the trial court ordered Portis to pay $87.50 per month, per child.

Portis appeals, raising three assignments of error. This court affirms.

Assignment of Error I

"The lower court abused its discretion in refusing to grant a continuance based upon the Soldiers' and Sailors' [Civil] Relief Act (Title 50 [App.] Section 521 of the United States Code)."

The trial court may stay any proceedings which involve a person who is serving in the military service when such service materially affects the person's ability to defend an action. Section 521, Title 50 App., U.S. Code. Portis urges error in the trial court's refusal to grant him a stay of the proceedings because of his military status.

The application for child support was filed on September 4, 1985 with a hearing originally set for November 12, 1985. It was considered by a referee on November 18, 1985 and continued for a hearing before a judge. The matter was again scheduled for December 19, 1985; and, at the hearing held on February 20, 1986, the only matter to be adjudicated was the amount of child support to be ordered. Portis retained counsel to represent him throughout these proceedings. Under the facts of this case, no abuse of discretion has been shown.

The stay provided for in Section 521, Title 50 App., U.S. Code, is not automatic. It is within the trial court's discretion to grant or deny such a stay. See *Boone* v. *Lightner* (1943), 319 U.S. 561, and *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E. 2d 763.

Here, the trial court had before it the information necessary to determine the level of child support Portis would be required to maintain. Under the circumstances, the granting of a stay was not warranted. *State, ex rel. Buck,* v. *McCabe, supra.*

No abuse of discretion having been shown, this assignment of error is overruled.

Assignments of Error II and III

"II. The lower court erred in awarding [a] child support deduction in excess of the maximum permitted by federal law.

"III. The trial court abused its discretion in awarding excessive child support in excess of the defendant's ability to pay and still maintain his position in the nation's military service."

These assignments of error both deal with the level of child support ordered by the trial court. Thus, they will be treated together.

Portis claims that the child support awarded by the court was excessive and that it violated the maximum allowable under Section 1673, Title 15, U.S. Code.

The maximum allowable garnishment pursuant to federal statute is sixty percent of Portis' disposable earnings. Portis claims that to determine his net disposable income the trial court should have considered his existing payroll deductions, including the prior support order and loan repayments. R.C. 2329.66(B)(1) defines "disposable earnings" as those net earnings which are payable after the deduction of those items required by law. Deductions required by law do not include any prior support orders, *Marshall* v. *Dist. Court for the Forty-First-b Judicial Dist. of Mich.* (E.D. Mich. 1978), 444 F. Supp. 1110; see, also, *Marco* v. *Wilhelm* (1983), 13 Ohio App. 3d 171, 13 OBR 206, 468 N.E. 2d 771, nor do they include voluntary payroll deductions.

There is a sixty-percent limitation on the percentage of disposable earnings which are subject to an order to satisfy orders of child support. Section 1673(b)(2)(B), Title 15, U.S. Code. Since the total of the two child support orders does not exceed the sixty-percent limitation, the trial court's order is in compliance with federal law.

Portis also raises the lack of "docu-

62

mented need of the plaintiff" to establish the need for support. There was no evidence introduced by either party which was directly relevant to that factor. Factors as to which neither party adduces evidence may be deemed by the trial court to be of no significance. *Zacek v. Zacek* (1983), 11 Ohio App. 3d 91, 11 OBR 143, 463 N.E. 2d 391.

Therefore, assignments of error numbers two and three are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.