PERDEW, Appellee,

v.

PERDEW, Appellant.

[Cite as *Perdew v. Perdew* (1989), 61 Ohio App.3d 735.]

Court of Appeals of Ohio,
Fulton County.

No. F–88–9.

Decided Feb. 17, 1989.

*Colin McQuade* and *Timothy Hallett,* assistant prosecuting attorney, for appellee.

*Christopher Jan,* for appellant.

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Fulton County Court of Common Pleas.

Plaintiff-appellee, Frieda F. Perdew, was granted a divorce from defendant-appellant, Fischer D. Perdew, on February 9, 1984. The judgment entry of divorce granted appellee custody of the parties' minor child, Robert K., born April 27, 1971. The court provided that appellant was to pay child support in the amount of $25 per week and alimony in the amount of $175 per week for a period of seven years. The alimony award could be modified upward to $200 if appellant was no longer required to pay child support, or downward, to $150, if appellant provided medical insurance for appellee.

Appellant married Georgia Perdew on December 21, 1984. On January 4, 1985, appellant suffered a stroke which, combined with an "abdominal aortic aneurism" suffered March 30, 1987, has rendered him totally and permanently disabled.

On December 23, 1985, a notice of default was filed by the Fulton County Bureau of Support indicating that appellant was in default on child support and alimony payments in the amount of $1,131.36. For purposes of this appeal, it is sufficient to state that several additional default notices were filed over the next two years. The issue of appellant's failure to fulfill his support obligations culminated on January 12, 1987 when appellee filed a motion for joinder and attachment of wages pursuant to R.C. 3113.21(D)(4). At the time this motion was filed, the record indicates that appellant was receiving disability benefits and/or disability income payments from the Social Security Administration and UNUM Life Insurance Company of America ("UNUM").

In a judgment entry filed April 15, 1987, the trial court ordered that a withholding order be issued to the Social Security Administration and UNUM instructing them to deduct from the monthly sum due appellant, an amount equal to fifty-five percent of what he was entitled to receive. The court further ordered that the payments were to be allocated in the following manner: poundage, the current alimony obligation (computed to be a monthly

sum of $758.33) and then to any arrearage currently or subsequently in existence. The Social Security Administration indicated its compliance with the order on May 22, 1987. Similar compliance by UNUM was received September 24, 1987.

On March 3, 1988, appellant filed a motion for a reduction in the percentage of attachment. Appellant asserted that fifty-five percent was the maximum amount permissible and argued that this was an extreme hardship. A hearing on the merits was held April 12, 1988.

In a judgment entry filed April 18, 1988, the trial court found that approximately "$30.00 per month"[1] was being garnished "over and above [appellant's] current support obligations." The court further found that any overage was being applied to an arrearage of $9,078.21 as of March 4, 1988.

The trial court indicated that appellee was earning approximately $6,000 per year and found that although the fifty-five percent was "certainly" a hardship on appellant, "any reduction in support would work a corresponding hardship upon [appellee]." In conclusion, appellant's motion for a reduction in the percentage withheld from his monthly income was denied.

It is from this judgment that appellant appeals, setting forth the following two assignments of error:

"I. The Fulton County Common Pleas Court erred by imputing to obligor herein the prospective income of obligor's present spouse and the child support received by obligor's present spouse from her former spouse for the care of her natural child when the court considered obligor's motion to reduce the percentage of attachment of obligor's disability benefits pursuant to a support order.

"II. Fulton County Common Pleas Court erred by failing to consider the reasonableness requirement as mandated by 15 USC § 1673(b), further construed by all federal courts that have dealt with the issue, as it arose in those sister states having statutes similar to ORC § 3113.21(D)(4)."

In his first assignment of error, appellant argues that it was error for the court to consider appellant's current spouse's income in its decision not to reduce the percentage withheld from appellant's income. Appellant argues that the imputation was "by inference" because the court allowed cross-examination pertaining to appellant's total household income.

---

**1.** Appellant's current support obligation, as found by the trial court, is $758.33 per month. Fifty-five percent of appellant's disposable monthly income is $911.72. Therefore, according to our calculations, $153.39 per *month* ($35.67 per *week*) is being applied to the arrearage.

Appellee's sole response to this assignment of error is that there is no evidence in the record indicating that the court imputed Georgia Perdew's income to appellant. An analysis of the judgment entry indicates that appellee's contention is correct.

The order denying the motion for modification merely recognizes that while the current percentage is a hardship on appellant, any reduction would correspondingly create a hardship on appellee. The trial court also acknowledges the current arrearage and expresses an ongoing desire to reduce the amount outstanding.

Appellant compares the instant case to a situation involving the obligee-spouse returning to court seeking an increase in support because the obligor-spouse has benefited from a financially improved lifestyle. Appellant asserts that the Supreme Court of Ohio has denied such a request stating that the decreeing court does not have continuing jurisdiction to modify an alimony award made for a term of years. *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032. While this is an accurate statement of Ohio law, it is not relevant to the case *sub judice.* Neither party in the instant case is seeking modification of the support order. Appellee has merely succeeded in getting her existing support order enforced and appellant appears to be contesting the method of enforcement rather than the amount of support.

■ It is axiomatic that "* * * appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. In the case *sub judice,* while we express no opinion on the appropriateness of considering current family income, appellant has not conclusively established that the trial court's decision was indeed based on such a factor. Accordingly, "[i]n the absence of an affirmative showing of prejudicial error below, this court will presume regularity in the proceedings." *Boyd v. Edwards* (1982), 4 Ohio App.3d 142, 150, 4 OBR 234, 244, 446 N.E.2d 1151, 1160.

For the aforestated reasons, we find appellant's first assignment of error not well-taken.

■ In his second assignment of error, appellant contends that the trial court erroneously failed to consider a federally based "reasonableness requirement" when it refused to reduce the percentage of income withheld. Specifically, appellant asserts that Section 1673, Title 15, U.S.Code constrains the state to do what is "reasonable" in authorizing income withholding.

Appellant's income is currently being withheld pursuant to R.C. 3113.-21(D)(4). This section provides, in relevant part:

"(4) If the court or child support enforcement agency determines that the obligor is receiving any form of income, including but not limited to, disability or sick pay, insurance proceeds, * * * the court may issue an order requiring the person who pays or otherwise distributes the income to the obligor to withhold from the obligor's income a specified amount for support in satisfaction of the support order, * * *. To the extent possible, the amount specified in the order to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages that may be owed by the obligor under any prior support order that pertained to the same child or spouse, notwithstanding the limitations of sections 2329.66, 2329.70, and 2716.13 of the Revised Code. However, in no case shall the sum of the amount specified in the order to be withheld and any fee withheld by the person paying or otherwise distributing the obligor's income as a charge for its services exceed the maximum amount permitted under section 303(b) of the 'Consumer Credit Protection Act,' 15 U.S.C. 1673(b)."

Appellant contends that Section 1673(b), Title 15, U.S.Code requires the state to withhold only what is reasonable and argues that a withholding of fifty-five percent is oppressive.

Section 1673, Title 15, U.S.Code, was enacted as part of the Consumer Credit Protection Act and restricts garnishment of wages for, *inter alia*, payment of support obligations. 1988 Ohio Atty.Gen.Ops. No. 88–012, at 2–45. See, also, *Donovan v. Hamilton Mun. Court* (S.D.Ohio 1984), 580 F.Supp. 554. Section 1673 states, in relevant part:

"Maximum allowable garnishment

"(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

"(1) 25 percent centum of his disposable earnings for that week * * *
" * * *

"Exceptions

"(b)(1) The restrictions of subsection (a) of this section do not apply in the case of

"(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.

"(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.

"(C) any debt due for any State or Federal tax.

"(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

"(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

"(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

"except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

"Execution or enforcement of garnishment order or process prohibited

"(c) No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section."

In paraphrasing part of the statute, the Supreme Court of New York, Appellate Division, stated:

"The relevant portion of 15 U.S.C. § 1673(b)(1) carves out from the restriction set out above a garnishment to enforce 'any order for the support of any person.' As to such a garnishment, 15 U.S.C. § 1673(b)(2) sets forth the applicable limitations:

"—50% of such individual's disposable earnings where that individual is supporting another spouse or dependent, the so-called 'second family' rule (55% where the individual is more than 12 weeks in arrears), and

"—60% where there is no second family being supported (65% where the individual is more than 12 weeks in arrears)." *Kahn v. Trustees of the Columbia Univ. in the City of New York* (1985), 109 App.Div.2d 395, 398, 492 N.Y.Supp.2d 33, 36.

The terms "earnings" and "disposable earnings" are defined in Section 1672, Title 15, U.S.Code. For purposes of Section 1673:

"(a) The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

"(b) The term 'disposable earnings' means that part of the earnings of any individual [that remains] after the deduction from those earnings of any amounts required by law to be withheld." Section 1672, Title 15, U.S.Code.

The existing case law discussing Section 1673 is focused primarily on the interrelationship between creditor and support garnishments. Both federal and Ohio state courts have held that, clearly, support orders have priority over creditor garnishment. See *Long Island Trust Co. v. United States Postal Serv.* (C.A.2, 1981), 647 F.2d 336, and *Marco v. Wilhelm* (1983), 13 Ohio App.3d 171, 13 OBR 206, 468 N.E.2d 771. The *Marco* court found that " * * * a prior garnishment for support will serve to bar a subsequent creditor garnishment only if [the support] garnishment is for twenty-five percent or more of an individual's disposable earnings. If the garnishment for support is less than twenty-five percent, a creditor has the right to garnish an amount equal to the difference between the percent of the individual's earnings subject to garnishment for support and the twenty-five percent limitation [on creditor garnishments]." *Id.* at 173, 13 OBR at 209, 468 N.E.2d at 773.

Clearly, Section 1673(b), Title 15, U.S.Code permits a court to withhold fifty-five percent of appellant's disposable income for payment of his support obligation. See, *e.g., Burstein v. Burstein* (1982), 182 N.J.Super. 586, 442 A.2d 1056. R.C. 3113.21(D)(4) also provides that the amount withheld "shall satisfy the * * * support order *plus* any arrearages that may be owed * * *." (Emphasis ours.) Accordingly, the order to withhold fifty-five percent of appellant's disposable income is well within statutory contemplation.

Despite these considerations, appellant repeatedly argues that there is an inherent "reasonableness requirement" in the application of Section 1673. Our analysis of the cases cited by appellant indicates that such a "reasonableness requirement," if there is one, may be found in cases concerned only with a debtor-creditor garnishment, *i.e.,* a garnishment for purposes of fulfilling a support order is not subject to such a requirement. The courts which have evaluated Section 1673 have not specifically mandated that the percentage be "reasonable" and/or "unoppressive." In other words, appellant's interpretation of the case law stretches the resolution of each issue beyond comprehension.

As a final note, we recognize that Georgia Perdew paid appellant's support obligation for much of 1985. Despite such benevolence, we are unpersuaded, based upon the evidence presented, that the monthly percentage withheld

742

from appellant's income should be reduced. For the aforestated reasons, we find appellant's second assignment of error not well-taken.

Upon consideration whereof, this court finds substantial justice has been done the party complaining and the judgment of Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and ROHRS, JJ., concur.

KENNETH A. ROHRS, J., of the Henry County Court of Common Pleas, sitting by assignment.