LOUGH et al., Appellees,

v.

**ROBINSON, Appellant.**

[Cite as *Lough v. Robinson* (1996), 111 Ohio App.3d 149.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 95CA18.

Decided May 17, 1996.

150

*Southeastern Ohio Legal Services Program* and *Karol H. Davidson,* for appellant.

KLINE, Judge.

This appeal arises from an order of the Washington County Municipal Court garnishing defendant-appellant Marvin Robinson's wages in the amount of $87.21 as payment on a judgment owed to plaintiffs-appellees John and Kathy Lough. The trial court found that appellant's biweekly disposable earnings were $348.86.[1] Appellant was also subject to a support order deduction from his biweekly wages in the amount of $131.34. Appellant claims that the order garnishing his wages violates the Consumer Credit Protection Act, Section 1671 *et seq.,* Title 15, U.S.Code.

In addition to the federal Consumer Credit Protection Act, the state of Ohio also regulates the garnishment of wages. Ohio garnishment law will apply unless it is preempted by federal law. We note that a prior version of the Ohio garnishment statute was found to be preempted by the Consumer Credit Protection Act. *Hodgson v. Cleveland Mun. Court* (N.D.Ohio 1971), 326 F.Supp. 419, 435. However, Section 1677(1), Title 15, U.S.Code provides that the Consumer Credit Protection Act "does not annul, alter, or affect, or exempt any person from complying with, the laws of any State prohibiting garnishments or providing for more limited garnishments than are allowed under [the Consumer Credit Protection Act]." Therefore, we will first examine the Consumer Credit Protection Act to determine if the trial court's order violated the federal statute. We will then examine the Ohio garnishment statute to determine whether the protections of the Ohio garnishment scheme provide for more limited garnishments than the federal version or whether Ohio's garnishment statute is preempted. We will then state whether Ohio law or federal law applies to the case *sub judice.*

---

1. Appellant summarily asserts in a footnote that this figure is against the manifest weight of the evidence. We decline to review this alleged error. App.R. 12(A).

▮ Section 1673, Title 15, U.S.Code provides:

"(a) Maximum allowable garnishment. Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed

"(1) 25 percentum of his disposable earnings[2] for that week, or

"(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of title 29 in effect at the time the earnings are payable,

"whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

"(b) Exceptions. (1) The restrictions of subsection (a) do not apply in the case of—

"(A) any order of support of any person issued by a court * * *."

Support orders are not bound by the twenty-five percent limitation and may range up to sixty-five percent in some instances. Section 1673(b)(2), Title 15, U.S.Code.

The trial court held that a "support order" is not a "garnishment." Therefore, the only garnishment that appellant was subject to was from the appellees. The trial court concluded that this garnishment was twenty-five percent of appellant's disposable earnings and therefore did not violate the Consumer Credit Protection Act.[3] The trial court's analysis would allow up to ninety percent of appellant's disposable earnings to be withheld: sixty-five percent for a support order and twenty-five percent for a garnishment. We disagree with the trial court's analysis.

---

**2.** The term "disposable earnings" is defined as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." Section 1672(b), Title 15, U.S.Code. See, also, R.C. 2329.66(B)(1). The trial court properly held that support orders are not "amounts required by law to be withheld." *Marshall v. Dist. Court for the Forty–First-b Judicial Dist.* (E.D.Mich.1978), 444 F.Supp. 1110, 1115; *First Natl. Bank v. Hasty* (E.D.Mich.1976), 415 F.Supp. 170, 172, affirmed (C.A.6, 1977), 573 F.2d 1310. See, also, *Nurse v. Portis* (1987), 36 Ohio App.3d 60, 61, 520 N.E.2d 1372, 1374.

**3.** Appellant's biweekly disposable earnings exceed the multiplied minimum wage in Section 1673(a)(2), Title 15, U.S. Code by $93.83. See Section 870.10(c)(2), Title 29, C.F.R. Twenty-five percent of appellant's biweekly wage is $87.21. The statute directs that the lesser of these two figures, $87.21, is the maximum allowable garnishment pursuant to Section 1673(a), Title 15, U.S. Code.

■ Garnishment is defined as "any legal or ·equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." Section 1672(c), Title 15, U.S.Code. A support order mentioned in Section 1673(b), Title 15, U.S.Code is a debt and therefore falls within the meaning of garnishment in Section 1672(c), Title 15, U.S.Code. *Marshall v. Dist. Court for the Forty–First Judicial Dist.* (E.D.Mich.1978), 444 F.Supp. 1110, 1116. See, generally, *Marco v. Wilhelm* (1983), 13 Ohio App.3d 171, 173, 13 OBR 206, 208–209, 468 N.E.2d 771, 772–773; *Long Island Trust Co. v. United States Postal Serv.* (C.A.2, 1981), 647 F.2d 336, 341; Annotation (1973), 14 A.L.R.Fed. 447, Sections 6(c) and (d). To hold otherwise would frustrate the intention of Congress in drafting the Consumer Credit Protection Act. See *Long Island Trust Co., supra.*

■■ The Consumer Credit Protection Act was enacted to corral the abuses caused by unrestricted garnishments and to reduce the number of bankruptcies caused by these often predatory practices. *Id.,* 647 F.2d at 339. See Section 1671, Title 15, U.S.Code. Congress observed that states with few restrictions on garnishment proceedings had a vastly higher rate of bankruptcies than those states with restrictive garnishment schemes. *Id.* Congress found that the discrepancy in garnishment laws of the states interfered with the uniformity of the bankruptcy system. *Id.* Therefore, Congress entered the field of garnishment law. *Id.*

If "support orders" were not included within the meaning of "garnishment," up to ninety percent of appellant's income—sixty-five percent for a support order and twenty-five percent for a garnishment—could be withheld. This would likely lead appellant or one in his position to the bankruptcy courthouse door and would thus frustrate the intention of Congress to reduce bankruptcies caused by garnishment orders. We note that appellees would be in the unenviable position of an unsecured creditor if appellant filed bankruptcy.

■ We therefore hold that a "support order" is included within the meaning of "garnishment" for purposes of the Consumer Credit Protection Act. Appellant was subject to a child support order of $131.34 on his biweekly disposable earnings of $348.86. The child support order has priority over a garnishment by appellees.[4] The child support order was thirty-eight percent of appellant's disposable earnings and thus exceeds the twenty-five percent limitation of Section 1673(a)(1), Title 15, U.S.Code. Appellant's wages were not subject

---

4. Priorities among multiple garnishments are determined by Ohio law. Section 870.1(a), Title 29, C.F.R. Ohio provides that support orders have priority over "any order of attachment, any order in aid of execution, and any other legal process issued under state law against the same earnings." R.C. 3113.21(F)(1).

to further garnishment unless the prior support order was decreased or another support order was entered. Therefore, the trial court's order granting garnishment in favor of appellees violated federal law and requires reversal.

This outcome is consistent with the Secretary of Labor's interpretation of the Consumer Credit Protection Act. Section 870.11(b)(2)(iv), Title 29, C.F.R. provides the following example:

"If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with State law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section 303(a)."

■ We now examine Ohio garnishment law to determine whether the Ohio scheme should have been applied in the case *sub judice* or whether Ohio garnishment law is preempted by the Consumer Credit Protection Act. R.C. 2716.05 [5] directs the employer to withhold and pay to the court up to twenty-five percent of the employee's disposable earnings to comply with a garnishment order regardless of whether the employee is subject to a support order. Therefore, the employer in the case *sub judice* withheld a total of sixty-three percent of appellant's disposable earnings: twenty-five percent for the garnishment and thirty-eight percent for the support order. See R.C. 2716.05; R.C. 3113.21(D)(1)(a).

■ The employee may then request a hearing pursuant to R.C. 2716.06 to notify the court that ordered the garnishment of the support order. In certain situations support orders allow the employee to claim an exemption from creditor garnishments pursuant to R.C. 2329.66(A)(13). R.C. 2329.66(A)(13) [6] provides

---

5. Ohio garnishment law was revised effective November 24, 1995. The case *sub judice* was tried before this date and we therefore apply the prior version of Ohio garnishment law.

6. R.C. 2329.66(A)(13) provided:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

"* * * *

"(13) Except as provided in sections 3111.23 and 3113.21 of the Revised Code, personal earnings of the person owed to him for services rendered within thirty days before the issuing of an attachment or other process, the rendition of a judgment, or the making of an order, under which the attempt may be to subject those earnings to the payment of a debt, damage, fine, or amercement, in an amount equal to:

"(a) In the case of a judgment or order regarding money owed for health care services rendered * * *

"(i) If paid * * * biweekly, sixty times the current federal minimum hourly wage * * * that is in effect at the time the earnings are payable * * *;

"* * * *

that twenty-five percent of the employee's disposable earnings minus the amount of the support order is the maximum allowable amount of a creditor garnishment.[7] Any amount of the employee's disposable earnings that was withheld in excess of that provided for in R.C. 2329.66(A)(13) would then be returned to the employee by the court. In the case *sub judice*, twenty-five percent of appellant's disposable earnings minus the amount of the support order yields a negative number. Therefore, the entire amount that was withheld by the employer for the creditor garnishment was excess and should have been returned to appellant.

We agree with the Ninth District Court of Appeals' interpretation of the Ohio garnishment scheme in *Marco v. Wilhelm, supra.* The Ninth District Court held:

"[A] prior garnishment for support will serve to bar a subsequent creditor garnishment only if the garnishment is for twenty-five percent or more of an individual's disposable earnings. If the garnishment for support is less than twenty-five percent, a creditor has the right to garnish an amount equal to the difference between the percent of the individual's earnings subject to garnishment for support and the twenty-five percent limitation." 13 Ohio App.3d at 173, 13 OBR at 209, 468 N.E.2d at 773.

■ We note that the relationship between support orders and garnishments is not uniform in Ohio garnishment law. A support order must be considered a garnishment for purposes of R.C. 2329.66(A)(13) because R.C. 2329.66(A) only exempts wages from "execution, garnishment, or sale." If support orders are not garnishments, then the amount withheld for a support order would be credited to the employee for purposes of the disposable earnings calculation in R.C. 2329.66(A)(13)(b)(ii). This would allow for garnishments of up to twenty-five percent along with support orders of up to sixty-five percent and would not provide a result similar to the Consumer Credit Protection Act.

■ While a support order is a garnishment for purposes of R.C. 2329.66(A)(13), a support order is not a garnishment as referred to in R.C. Chapter 2716. R.C. 2716.01 provides that R.C. Chapter 2716 applies only to

---

"(b) In the case of all other judgments and orders, the greater of the following amounts:
"(i) The amount specified in division (A)(13)(a)(i) of this section;
"(ii) Seventy-five percent of the disposable earnings owed to this person."
A revised version of R.C. 2329.66 became effective on July 17, 1995 but is not applicable in the case *sub judice*.

7. The amount that may be garnished would be even less if the multiple of the employee's minimum wage provided for in R.C. 2329.66(A)(13)(b)(i) is less than twenty-five percent of the employee's disposable earnings. The amount that R.C. 2329.66(A)(13) would allow to be garnished would then be the figure provided for in R.C. 2329.66(A)(13)(b)(i) minus the amount of the support order.

creditor garnishments. *Marco v. Wilhelm*, 13 Ohio App.3d at 172, 13 OBR at 207–208, 468 N.E.2d at 772. Creditor garnishments are distinct from support orders, which are special garnishment proceedings. *Id.* Both "special garnishments" and "creditor garnishments" admittedly have the same effect: money is withheld from the employee's paycheck. However, this distinction is necessary so that support orders do not run afoul of R.C. 2716.03(B).[8]

We find that Ohio garnishment law, while somewhat difficult to decipher, provides the same result in the case *sub judice* as the Consumer Credit Protection Act. Moreover, Ohio garnishment law provides for further limitations than those invoked in the case *sub judice*. Namely, creditor garnishments that are allowable under R.C. 2716.05 and 2329.66(A)(13) are limited to only once per thirty days. R.C. 2716.03(B). The federal statute has no such limitation. Therefore, we conclude that Ohio garnishment law provides for more limited garnishments than the federal statute and thus is not preempted. See Section 1677(1), Title 15, U.S.Code.

Appellant was subject to a child support order that amounted to thirty-eight percent of his disposable earnings. No creditor garnishments were allowable because all of appellant's remaining disposable earnings were exempt from garnishment. See R.C. 2329.66(A)(13); Section 1673(a)(1), Title 15, U.S.Code. Therefore, the amount withheld from the appellant's disposable earnings, $87.21, should have been returned to the appellant by the court. The trial court's judgment to the contrary is reversed.

Appellees should take heart in the wise observations of the Second Circuit Court of Appeals in *Long Island Trust Co.*, 647 F.2d 336. The Second Circuit observed that limitations on creditor garnishments do not leave a creditor powerless to collect its judgment. *Id.* at 342. Rather, the Consumer Credit Protection Act and analogous state laws only restrict the garnishment of wages and do not purport to immunize the debtor's other assets. *Id.*

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded.

*Judgment reversed*
*and cause remanded.*

---

8. R.C. 2716.03(B) provides:

"No proceeding in garnishment of personal earnings shall be brought against a judgment debtor sooner than thirty days after the filing of the last successful proceeding in garnishment of personal earnings against the judgment debtor * * *."

Support orders are not exempted from R.C. 2716.03(B). If support orders are garnishments for purposes of R.C. Chapter 2716, then (1) support orders could only be enforced every thirty days instead of biweekly as in the case *sub judice* and (2) a support order, even if it were enforced only on thirty day intervals, would effectively bar any other garnishment attempt.

Peter B. Abele, P.J., concurs.

Harsha, J., concurs in judgment only.