OSCN Found Document:SABER ACCEPTANCE CO. L.L.C. v. CURRAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SABER ACCEPTANCE CO. L.L.C. v. CURRAN
2015 OK CIV APP 8
Case Number: 112501
Decided: 07/11/2014
Mandate Issued: 01/23/2015
DIVISION I
As Corrected: February 11, 2015
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 8, __ P.3d __

 

SABER ACCEPTANCE CO., L.L.C., Plaintiff/Appellant,
v.
Matthew A. Curran, Defendant,
SPIRIT AEROSYSTEMS, INC., Garnishee/Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

HONORABLE DOUGLAS GOLDEN, JUDGE

AFFIRMED

Chris Knight, Tulsa, Oklahoma, for Appellant,
J. Schaad Titus, Robyn M. Funk, J. Miles McFadden, Titus Hillis Reynolds Love Dickman McCalmon, P.C., Tulsa, Oklahoma, for Appellee.

Larry Joplin, Presiding Judge:

¶1 Plaintiff/Appellant Saber Acceptance Co., L.L.C. (Creditor), seeks review of the trial court's order granting the motion for summary judgment of Garnishee/Appellee Spirit Aerosystems, Inc. (Garnishee), on the Creditor's claim to wages of the judgment debtor, Defendant Matthew A. Curran (Debtor). In this appeal, Creditor asserts the trial court erred as a matter of law in its application of Oklahoma statutes, 12 O.S. §§1171.2 and 1173.4.

¶2 Creditor obtained a judgment against Debtor, and sought to garnish his wages from Garnishee. Garnishee answered, asserted Debtor's wages were subject to a prior income assignment for child support, and alleged that Debtor had no available wages subject to garnishment. Creditor took issue with Garnishee's answer, and asserted that, by its calculation, Debtor had available wages subject to its garnishment.

¶3 Garnishee filed a motion for summary judgment. Garnishee asserted that, where a "continuing earnings garnishment is issued against a defendant already subject to an income assignment for child support," §1173.4(I)(1) of title 12, O.S., proscribed withholding of more than twenty-five percent (25%) of the defendant debtor's disposable earnings to satisfy both the prior income assignment for child support and subsequent garnishment. Garnishee argued that the 25% limitation was consistent with Oklahoma exemptions, 31 O.S. §1(A)(18), as well as the pre-emptive federal law codified in the Consumer Credit Protection Act (CCPA), 15 U.S.C. §§1671, et seq., §§1672(c),[1] 1673(a),[2] 1673(b)(2),[3] and the Department of Labor's implementing regulations, 29 C.F.R. §870.11(b)(2).[4] Garnishee presented evidentiary materials demonstrating that the income assignment for child support required the withholding of more than thirty-one percent (31%) of Debtor's disposable earnings, in excess of the 25% limit imposed by §1173.4(I)(1), and therefore, Garnishee could withhold no earnings of Defendant in response to Creditor's garnishment.

¶4 Creditor filed a motion for summary judgment. Creditor asserted that §1171.2(B) of title 12, O.S., subjected up to fifty percent (50%) of a defendant's disposable earnings to withholding for child support, and that Creditor was entitled to garnishment of the difference between the percentage of Debtor's disposable earnings allowed by §1171.2(B), and the percentage of Debtor's disposable earnings actually withheld pursuant to the prior child support income assignment, in this case, between ten and eighteen percent (10% and 18%) depending on Debtor's actual weekly disposable earnings.

¶5 On consideration of the parties' briefs and arguments after a hearing, the trial court granted the motion for summary judgment of Garnishee and denied the motion for summary judgment of Creditor, holding:

[Creditor] may not garnish [Debtor's] disposable earnings by and through its garnishment summons to [Garnishee] as long as the amount due to satisfy the child support garnishment/income assignment against [Debtor] meets or exceeds 25% of [Debtor's] disposable earnings. . . .

Creditor appeals, and the matter stands submitted on the trial court record.[5]

 

¶6 "A garnishment proceeding may be decided by summary process resulting in a post-judgment order where it appears there is no dispute as to any identified material fact or inference to be drawn therefrom and all material facts are stipulated or otherwise established." O'Neill v. Long, 2002 OK 63, ¶9, 54 P.3d 109, 112. (Footnote omitted.) "These legal rulings are reviewable de novo, independent of and without deference to the trial court." Id. (Emphasis original.)

¶7 Issues of statutory construction likewise present questions of law that we review de novo. Stump v. Cheek, 2007 OK 97, ¶9, 179 P.3d 606, 609. Apparently "[c]onflicting legislative acts should be construed in such a way as to reconcile the provisions and render them consistent and harmonious, giving force and effect to each." Strong v. Laubach, 2004 OK 21, ¶9, 89 P.3d 1066, 1070. (Citation omitted.)

¶8 In this respect, §1171.2(B) of title 12, O.S., provides:

The maximum part of the aggregate disposable earnings of any person for any workweek which is subject to garnishment or income assignment for the support of a minor child shall not exceed:

1. Fifty percent (50%) of such person's disposable earnings for that week, if such person is supporting his spouse or a dependent child other than the child with respect to whose support such order is used; and

2. Sixty percent (60%) of such person's disposable earnings for that week if such person is not supporting a spouse or dependent child.

The fifty percent (50%) specified in paragraph 1 of this subsection shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in paragraph 2 of this subsection shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment or income assignment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

Section 1173.4(I)(1) of title 12, O.S., then provides:

When a postjudgment wage garnishment under Section 1173 of this title or a continuing earnings garnishment under this section is issued against a defendant already subject to an income assignment for child support, the garnishee shall determine the maximum percentage of the defendant's disposable earnings according to the provisions of Section 1171.2 of this title and then deduct from that percentage the actual percentage of the defendant's disposable earnings actually withheld under the income assignment. The resulting percentage shall be the amount to be withheld by the garnishee, not to exceed twenty-five percent (25%).

¶9 By §1171.2(B)(1), the Oklahoma Legislature has clearly authorized the withholding of up to 50% of a person's disposable weekly earnings for child support. When a person subject to an income assignment for child support is garnished, §1173.4(I)(1) permits the garnishee to withhold for the creditor the difference between the 50% allowed to be withheld for child support under §1171.4(I)(1) and the percentage of the obligor's disposable weekly earnings actually withheld for child support. The question becomes, however, if the debtor is subject to a prioritized income assignment for child support that exceeds 25% of the debtor's disposable earnings, does the 25% limitation of §1173.4(I)(1) apply to prevent the garnishee from withholding the difference between the percentage of disposable earnings allowed to be withheld for child support under §1171.4(I)(1) and the percentage of the obligor's disposable weekly earnings actually withheld for child support, which §1173.4(I)(1) clearly permits?

¶10 Section 1171.4(I)(1) clearly authorizes the withholding of more than 25% of an obligor's disposable weekly earnings for child support. Section 1173.4(I)(1) further clearly authorizes the garnishee to withhold for an ordinary judgment creditor that percentage of an obligor's disposable weekly earnings representing the difference between the percentage of an obligor's disposable weekly earnings allowed for child support under §1171.4(I)(1) and the percentage the obligor's disposable weekly earnings actually withheld and paid for child support, but "not to exceed twenty-five percent (25%)."

¶11 In this respect, the 25% provision of §1173.4(I)(1) may be construed to limit the garnishee from withholding that percentage of the calculated difference between the percentage of an obligor's disposable weekly earnings allowed for child support and the percentage the obligor's disposable weekly earnings actually withheld and paid for child support which exceeds 25% of the obligor's total disposable weekly earnings.[6] To hold otherwise would render the provision of §1173.4(I)(1), which allows the garnishee to withhold for the garnishing creditor the difference between that percentage of an obligor's disposable weekly earnings allowed for child support by §1171.4(I)(1) and the percentage of the obligor's disposable weekly earnings actually withheld for child support, without meaning and defeated in every case where the obligor is subject to a prior child support order exceeding 25% of the obligor's disposable weekly earnings.

¶12 However, Garnishee argues the 25% limitation is entirely consistent with the cited sections of the CCPA and implementing regulations[7], and the CCPA preempts state law to the extent federal law protects more of the debtor's income. See, e.g., Anderson v. Anderson, 404 A.2d 275 (Md. 1979). Where the issue has been addressed, the courts uniformly hold that, where "the garnishment order for child support fully absorbs the maximum part of defendant's disposable earnings subject to garnishment within the meaning of the Consumer Credit Protection Act, 15 U.S.C. §1673, nothing can be withheld pursuant to [the ordinary judgment creditor] plaintiff's garnishment application" under state law. See, e.g., Voss Products, Inc. v. Carlton, 147 F.Supp.2d 892, 896, 898 (E.D. Tenn. 2001.) Accord, Lough v. Robinson, 675 N.E.2d 1272 (Ohio App. 1996); Marco v. Wilhelm, 468 N.E. 2d 771 (Ohio App. 1983); Long Island Trust Co. v. U.S. Postal Svc., 647 F.2d 336 (2nd Cir. 1981); Marshall v. District Court for Forty-First Judicial Dist. of Michigan, Mount Clemens Division, 444 F.Supp. 1110 (E.D. Mich. S.Div.1978). Consequently, if the assignment for child support absorbs 25% or more of the debtor's disposable income, the CCPA prevents withholding of any sums pursuant to a subsequent garnishment by an ordinary judgment creditor.

¶13 In the present case, the CCPA protects more of Defendant's income than would §1173.4, and the CCPA applies. Defendant's income assignment for child support absorbs more than 25% of his disposable earnings. Consequently, Defendant has no disposable earnings to be withheld pursuant to Creditor's garnishment summons. The trial court did not err in granting the motion for summary judgment of Garnishee, and in denying the motion for summary judgment of Creditor.

¶14 The order of the trial court is AFFIRMED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.

FOOTNOTES

[1] "The term 'garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."

[2] "Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, . . ."

[3] Virtually identical to §1171.2(B), that section provides:

The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed -

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

[4] "Compliance with the provisions of section [1673](a) and (b) may offer problems when there is more than one garnishment. In that event the priority is determined by State law or other Federal laws as the CCPA contains no provisions controlling the priorities of garnishments. However, in no event may the amount of any individual's disposable earnings which may be garnished exceed the percentages specified in section [1673]. To illustrate: . . . (iv) If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with State law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section [1673](a)."

[5] See, Rule 13(h), Rules for District Courts, 12 O.S. 2011, Ch. 2, App.; Okla.Sup.Ct.R. 1.36, 12 O.S. 2011, Ch. 15, App. 1.

[6] For instance, if the obligor has disposable weekly earnings of $100, no more than 50%, or $50, is subject to withholding for child support under §1171.2(B)(1). Suppose further that the obligor is subject to child support withholding of $10, or 10% of his disposable weekly earnings. Upon receipt of a subsequent garnishment under §1173.4(I)(1), the garnishee would calculate available earnings of the obligor by deducting from the 50% maximum percentage of the obligor's weekly earnings available for child support ($50) the 10% of the obligor's weekly earnings actually paid ($10), leaving 40% ($40) to be withheld by the garnishee. But, the 25% limit of §1173.4(I)(1) restricts the total percentage of an obligor's disposable weekly earnings available to a subsequent creditor, and the garnishee could withhold no more than 25% of the obligor's weekly earnings, or $25, for the garnishing creditor.

Similarly, if the obligor has disposable weekly earnings of $100, and is subject to child support withholding of $40, or 40% of his disposable weekly earnings as allowed by §1171.4(I)(1), pursuant to §1173.4(I)(1), the garnishee would calculate available earnings of the obligor by deducting from the 50% maximum percentage of the obligor's weekly earnings available for child support ($50) the 40% of the obligor's weekly earnings actually paid ($40), leaving 10% ($10) to be withheld by the garnishee, and 10% or $10 being less than the 25% limit of §1173.2(I)(1), the garnishee could withhold all 10%, ($10) for the garnishing creditor as not exceeding 25% of the obligor's gross weekly disposable earnings.

[7] Footnotes 2, 3 and 4, infra.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 63, 54 P.3d 109, O'NEILL v. LONG
Discussed
 2004 OK 21, 89 P.3d 1066, STRONG v. LAUBACH
Discussed
 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1171.2, Child Support Payments - Garnishment
Cited
Title 31. Homestead and Exemptions
 Cite
Name
Level

 31 O.S. 1, Property Exempt from Attachment, Execution or Other Forced Sale - Bankruptcy Proceedings
Cited