In re the MARRIAGE OF Edwin D. CERNETISCH and Barbara J. Cernetisch.

Upon the Petition of Edwin D. Cernetisch, Appellee,

And Concerning Barbara J. Cernetisch, Appellant.

No. 84–1976.

Supreme Court of Iowa.

Nov. 13, 1985.

W.T. Barnes of W.T. Barnes, P.C., Ottumwa, for appellant.

Vern M. Ball, Bloomfield, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

This appeal requires us to determine whether Iowa Code subsection 252D.1(2)[1]

---

**1.** This is the relevant section number as it ap-    pears in the 1985 Code. The session law that

empowers the court to order an assignment of income to enforce the payment of alimony awarded under a prior marital dissolution decree. Respondent Barbara J. Cernetisch has appealed from the dismissal of her petition to compel petitioner Edwin D. Cernetisch to make such an assignment.[2] We affirm.

The record discloses Edwin took early retirement from John Deere & Company with a pension of $2,674.88 per month. February 15, 1983, he brought an action in Wapello County to dissolve his thirty-four-year marriage with Barbara, now age 56, who had served as homemaker in rearing their three children. Edwin liquidated approximately $32,000 in assets and went to Arizona. The dissolution decree, filed April 19, 1984, awarded Barbara $500 per month in alimony until her death or remarriage.

Edwin does not deny that shortly after the dissolution of their marriage he told Barbara he would never pay the alimony and would go to jail or to Mexico before he did. His responses in this proceeding make Barbara's testimony on this point thoroughly believable. September 4, 1984, after Edwin had failed to pay every installment of alimony, Barbara filed a notice of mandatory assignment of income. Edwin was served a copy on September 6.

October 8, 1984, no alimony payments having been received, Barbara filed her petition for assignment of income pursuant to Iowa Code subsection 252D.1(2), seeking to subject Edwin's pension payments to his alimony obligation. Fortuitously, Edwin thereafter was careless enough to drive his $45,000 motor home to Davis County, Iowa, where he was served with notice of this petition, and execution was levied on the motor home. In order to obtain release of the motor home, Edwin paid $3500 in delinquent alimony installments.

October 19, 1984, upon his return to Arizona, Edwin again was served with notice of the petition for assignment of income. Hearing was held November 19, 1984. One day later trial court dismissed the petition for assignment of wages, reasoning "[a]ny and all wage assignment provisions of the Iowa law applicable to dissolution support cases are applicable only to *child* support and not alimony." (Emphasis in original.)

Barbara appeals, asserting Iowa Code subsection 252D.1(2) authorizes the assignment of income to satisfy a delinquent alimony obligation. The issue presented, of course, is one of statutory construction.

**■** I. When the language of a statute is unambiguous, the court will not engage in statutory construction. *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). However, when, as here, the meaning of the statute is unclear, we apply several principles of statutory construction to ascertain the statute's effect. *See American Home Products Corp. v. Iowa State Board of Tax Review*, 302 N.W.2d 140, 142 (Iowa 1981). This court recently summarized those principles.

> Our decisions establish the rule that "[t]he goal in construing statutes is to ascertain legislative intent. ... The spirit of the statute must be considered as well as the words. ... A sensible, workable, practical, and logical construction should be given. ... Inconvenience or absurdity should be avoided.

created Iowa Code chapter 252D ("Delinquent Support Payments—Assignment of Income") erroneously designated the law as chapter 252C. *See* 1984 Iowa Acts ch. 1239. However, Iowa Code chapter 252C, dealing with child support, was created by chapter 1278 of the 1984 Acts. This duplication has been corrected in the 1985 Iowa Code and our references will be to that code. Iowa Code chapter 252D was amended again in 1985. Those changes do not directly affect this prior-determined action, but will be referred to in this opinion for the assistance

they may give in construing the relevant statutes.

2. The person seeking an assignment of income under Iowa Code chapter 252D is designated as a "petitioner." This proceeding, however, was filed in the dissolution action where the husband was the petitioner, and the parties have continued those designations. To avoid confusion, we refer to the parties by name in this opinion.

*Emmetsburg Ready Mix Co. v. Norris,* 362 N.W.2d 498, 499 (Iowa 1985) (quoting *Hansen v. State,* 298 N.W.2d 263, 265–66 (Iowa 1980) ). We will construe the statute without giving undue importance to any single portion. *Kohrt v. Yetter,* 344 N.W.2d 245, 246 (Iowa 1984). Moreover, statutes dealing with the same subject matter are considered together. Such acts must be harmonized in light of their common purpose. *Messina v. Iowa Department of Job Service,* 341 N.W.2d 52, 56 (Iowa 1983); *Rich,* 305 N.W.2d at 745. With these principles of statutory construction before us, we address the merits of Barbara's appeal.

■ II. Iowa Code chapter 252D was enacted in 1984 and applies "to all support obligations which are or become delinquent on or after [July 1, 1984]." 1984 Iowa Acts ch. 1239, § 7. Thus Edwin, who owed delinquent alimony payments when the petition was filed, could be subject to that act if alimony is "support" within the meaning of chapter 252D. At relevant times here Iowa Code subsection 252D.1(2) provided:

> If support payments ordered under section 598.21 or 675.25 are not paid to the clerk of the district court pursuant to section 598.22 and become delinquent in an amount equal to the payment for one month, the clerk or the child support recovery unit established under section 252B.2 may certify a default to the court. The court shall order the defaulting person to assign to the clerk that portion of the person's periodic earnings, trust income, or other income sufficient to pay the support obligation. The assignment of income is binding on an existing or future employer, trustee, or other payor ten days after the receipt of the order by certified mail. The amount of an assignment of income shall not exceed the amount specified in 15 U.S.C. sec. 1673b. The assignment of income has priority over a garnishment or an assignment for a purpose other than the support of the dependents in the court order being en-

forced. The court may modify or revoke the order upon the request of the child support recovery unit and may modify or revoke the order at any other time.

Barbara argues the legislature's reference to Iowa Code section 598.21 in the above-quoted statute indicates its intention that delinquent alimony will support an order for assignment of income. Despite the compelling facts of this case, we conclude trial court's construction of this statute was correct.

It is true, of course, that Iowa Code section 598.21 (relating to disposition of property and support upon dissolution of a marriage) in subsection 3 makes provision for "support payments" to either party. Subsection 4 relates to child support. Section 598.1 sets forth the definitions:

> *As used in this chapter*
>
> . . . .
>
> 2. "Support" or "support payments" means any amount which the court may require either of the parties to pay under ... a final ... decree, and may include alimony. . . .

Iowa Code § 598.1 (1985) (emphasis added).

An overview of Iowa Code subsection 252D.1(2) and related provisions, however, convinces us that "support payments," as used in that statute, refer only to child support. We start with the preamble [3] to Iowa Code chapter 252D, which provides:

> AN ACT relating to collection of court ordered payments by providing for the mandatory assignment of a person's income when the person is delinquent in paying court-ordered support and providing a penalty, *and* providing for the collection of unpaid alimony, and providing for limits to garnishment, and providing for the validity of garnishment notices.

1984 Iowa Acts ch. 1239 (emphasis added).

We consider it significant that the delinquent support for which an assignment of wages may be ordered is separated from

---

**3.** "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider ... [t]he preamble or statement of policy." Iowa Code § 4.6(7) (1985); *see DeMore v. Dieters,* 334 N.W.2d 734, 737 (Iowa 1983).

the clause relating to unpaid alimony by a comma and a conjunction. Implementing this concept that delinquent alimony is not included in the assignment remedy, the legislature treated the subject of delinquent alimony in a separate section in the act:

> Upon application, the court may certify unpaid alimony payments for the support of a spouse or former spouse and direct execution, levy, and garnishment as authorized by law.

Iowa Code § 252D.6 (1985).

Narrowing our focus, the other significant statutory references in Iowa Code subsection 252D.1(2) all refer to child support.[4] Iowa Code section 675.25 is found in Iowa Code chapter 675 entitled "Paternity of Children and Obligation for Support." A second reference is to Iowa Code section 252B.2, a part of Iowa Code chapter 252B entitled "Child Support Recovery." Section 252B.2 creates the *"child support* recovery unit" (emphasis added) that in Iowa Code subsection 252D.1(2) is assigned a duty to certify a support default. We conclude the reference to Iowa Code section 598.21 in subsection 252D.1(2) goes only to the child support provision of subsection 598.21(4) and not the alimony provision of subsection 598.21(3).

Barbara correctly notes that House File 495, effective July 1, 1985, repealed section 252D.6 relating to collection of unpaid alimony.[5] *See* 1985 Iowa Acts ch. 178, § 16. The other H.F. 495 amendments to Iowa Code chapter 252D nonetheless reinforce our conclusion that subsection 252D.1(2), above quoted, encompassed only child support obligations. In the 1985 amendment section 252D.1 was enlarged to add a definition of support:

> As used in this chapter, unless the context otherwise requires, "support" or "support payments" means any amount

which the court may require a person to pay for the benefit of a child under a temporary order or a final judgment or decree, and may include child support, maintenance, and, if contained in a child support order, spousal support, and any other term used to describe these obligations.

1985 Iowa Acts ch. 178, § 2.

It is noteworthy, we think, that this amendment makes no reference to alimony in its definition of support. "Spousal support" may be included if contained in a child support order, which of course is not the case before us. We have written:

> Amendment of a statute may evidence legislative intent to change its meaning or to clarify it, but when the legislation appears to have been passed to remove doubts from previous legislation, the courts should give effect to that purpose.

*Willis v. City of Des Moines,* 357 N.W.2d 567, 572 (Iowa 1984); *see Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 285 (Iowa 1983). In the 1985 amendment the legislature was responding to an ambiguity in Iowa Code chapter 252D. The legislature's rejection of alimony in its definition of support indicates that alimony is not within the purview of chapter 252D.

This view of the amendment is strengthened by reviewing the history of H.F. 495. The House of Representatives submitted the bill to the Senate with the following definition:

> As used in this chapter, unless the context otherwise requires, "support" or "support payments" means any amount which the court may require a person to pay for the benefit of a spouse who has not remarried or a child under a temporary order or a final judgment or decree, and may include alimony, child support,

---

4. The reference to Iowa Code section 598.22 in subsection 252D.1(2) merely reinforces the provision that the payments are to be made to the clerk of court "for the use of the person for whom the payments have been awarded." *See* Iowa Code § 598.22 (1985).

5. The general chapters dealing with execution and garnishment, however, are still available to Barbara if Edwin should return to Iowa. *See* Iowa Code ch. 626 (1985); Iowa Code ch. 642 (1985).

**602**

maintenance, and any other term used to describe these obligations.

H.F. 495, 71st G.A. § 1 (Iowa 1985) (as adopted by the House of Representatives, March 15, 1985).

April 26, 1985, the Senate passed an amendment to this version of H.F. 495. It deleted the words "a spouse who has not remarried or" and the word "alimony" and inserted the words, "and, if contained in a child support order, spousal support."[6] On the same day the House concurred in the Senate's amendment, resulting in the version signed by the Governor on May 23, 1985. The ultimate elimination of the attempt by the House to include alimony within the definition of "support" is a signal to us that it was not intended to be included in the preamendment version of Iowa Code subsection 252D.1(2).

This appeal does not require us to consider what remedy, if any, would be available to Barbara under the Uniform Enforcement of Foreign Judgments Act, *see* Iowa Code ch. 626A (1985), or under the Uniform Support of Dependents Law. *See* Iowa Code ch. 252A (1985); 1978 Iowa Op.Att'y Gen. 546. It is sufficient here to hold, as we do, that an assignment of income under Iowa Code subsection 252D.1(2) is not available. We affirm the judgment of the district court.

AFFIRMED.

---

**6.** In this context the amended Iowa Code section 252D.1 appears to be tracking federal "incentive payment" legislation, which has the goal of "enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living." 42 U.S.C. § 651 (1982 & Supp. 1984); *see* 42 U.S.C. §§ 652, 654 (1982 & Supp. 1984); H.R.Conf.Rep. No. 208, 97th Cong., 1st Sess. 653, 986, *reprinted in* 1981 U.S.Code Cong. & Ad.News 1010, 1348.