## In re the MARRIAGE OF Sofia METCALF and William Raymond Metcalf,

## Upon the Petition of Sofia Metcalf, Petitioner–Appellee,

## And Concerning William Raymond Metcalf, Respondent–Appellant.

### No. 86–1194.

### Court of Appeals of Iowa.

### Aug. 26, 1987.

James Q. Blomgren, Oskaloosa, for respondent-appellant.

Thomas J. Miller, Atty. Gen., E. Dean Metz, Asst. Atty. Gen., Des Moines, and R. Timothy Starken, Clinton, of the Child Support Recovery Unit, for petitioner-appellee.

Heard by SNELL, P.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

Respondent William Raymond Metcalf appeals from the trial court order refusing to quash an order for mandatory income withholding.

The issue before us is whether Iowa Code chapter 252D (1987) provides for a mandatory wage assignment when payments designated as alimony are delinquent and the recipient of the alimony payments has physical care of four minor children for whom child support has been ordered in the same decree. We determine it does and affirm the trial court.

The marriage of Petitioner/Appellee Sofia Metcalf and Respondent/Appellant William Raymond Metcalf was dissolved in July 1985. Physical care of the parties' four minor children was granted to Sofia. William was ordered to pay child support of $75 per week per child and alimony of $100 per week.

In December 1985, Sofia obtained an assignment of William's wages under chapter 252D for $400 per week. William moved to quash claiming among other things his child support was not delinquent. However, he had not paid his alimony, a fact he does not dispute. The trial court refused to quash the assignment.

William appeals contending the wage assignment provisions of chapter 252D are not available to ensure payment of alimony. The only issue is whether the alimony award in this case comes under the support definition of Iowa Code § 252D.1 (1987), which defines support as follows:

As used in this chapter, unless the context otherwise requires, "support" or "support payments" means any amount which the court may require a person to pay for the benefit of a child under a temporary order or a final judgment or decree, and may include child support, maintenance, and, if *contained in a child support order, spousal support, and any other term used to describe these obligations* ... (emphasis added).

In 1980 the word "alimony" disappeared from Iowa Code § 598.21 to be replaced by the words "support payments," which are defined by § 598.1 as an amount that may include alimony. *See* Dissolution of Marriage Act, 1980 Iowa Acts ch. 1175, § 3. Iowa courts continue to use the word alimony. *In re Marriage of Cernetisch,* 376 N.W.2d 598, 599 (Iowa 1985).

The Iowa court addressed the issue of whether the court under § 252D.1(2)[1] of the 1985 Iowa code, was empowered to order an assignment for the payment of alimony ordered paid by a decree. *Cernetisch,* 376 N.W.2d at 599. There, the dissolution order, unlike the one in the present case,[2] did not include support provision for minor children. *Cernetisch,* 376 N.W.2d at 600. The court determined an overview of § 252D.1(2) of the 1985 Iowa code and related provisions convinced the court that "support payments" as used in that statute refer only to child support.

The court also discussed the fact that the Iowa legislature responded to the ambiguity in chapter 252D by amending the chapter in 1985. *Id.* at 602. The Iowa legislature rejected alimony in its definition of support, which the court held indicates alimony is not within the purview of chapter 252D. *Id.* The *Cernetisch* court points out this view of the amendment was strengthened by reviewing the history of House File 495. *Id.* The House of Representatives submitted the bill to the Senate with the following definition:

As used in this chapter, unless the context otherwise requires, "support" or "support payments" means any amount which the court may require a person to pay for the benefit of a spouse who has not remarried or a child under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe these obligations.

H.F. 495, 71st G.A., § 1 (as adopted by the House of Representatives, March 15, 1985).

On April 26, 1985, the Iowa Senate passed an amendment to this version of H.F. 495. *Cernetisch,* 376 N.W.2d at 602. The Senate amendment deleted the words "a spouse who has not remarried or" and the word "alimony." *Id.* The Senate inserted the words "and, if contained in a child support order, spousal support." *Id.* On the same day the House concurred in the Senate's amendment and that version, 1985 Iowa Acts Ch. 178, § 2 was signed by the Governor May 23, 1985. *Id.* The *Cernetisch* court held the ultimate elimination of the attempt by the House to include alimony within the definition of support was a signal to the court that it was not intended to be included in the pre-amendment version of Iowa Code § 252D.1(2). *Id.*

William now contends the court in addressing this issue in *Cernetisch* made it clear alimony was not included under the current law.

We would not disagree if we were dealing with the issue of alimony alone. However, that is not the issue before us. We are dealing with alimony contained in a child support order. The statute, § 252D.1(1), clearly provides that the court may require a person to pay support for

---

**1.** Iowa Code § 252D.1 (1985) provides in relevant part: **"Delinquent support payments—assignment of income.** If support payments ordered under section 598.21 or 675.25 are not paid to the clerk of the district court pursuant to section 598.22 and become delinquent in an amount equal to the payment for one month, the clerk or the child support recovery unit

established under section 252B.2 may certify a default to the court."

**2.** In *Cernetisch,* the court also discussed the change in the statute with which we are now dealing and specifically noted the issue of spousal support contained in a child support order was *not* the case before them. *Cernetisch,* 376 N.W.2d at 601.

the benefit of a child, including "child support, maintenance, and, *if contained in a child support order, spousal support, and any other term used to describe these obligations.*" Iowa Code § 598.1(2) (1987) states:

"Support" or "support payments" means an amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony....

We therefore affirm the trial court.

AFFIRMED.