Glenda J. HAYNES, Appellant,

v.

SECOND INJURY FUND, Appellee.

No. 95–138.

Court of Appeals of Iowa.

Feb. 28, 1996.

Roger L. Carter and Ruth M. Carter of Carter & Carter, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Shirley A. Steffe, Assistant Attorney General, for appellee.

Considered by HAYDEN, P.J., and SACKETT, HABHAB, CADY, and HUITINK, JJ.

CADY, Judge.

Glenda Haynes appeals a district court's decision to affirm the Industrial Commissioner's denial of her claim for benefits from the Second Injury Fund of Iowa. We affirm the district court on our review.

Glenda injured her left knee in 1989 while working on the production line of Palmer Candy Company in Sioux City. She worked off and on following the onset of symptoms and sought various medical treatments, including surgery. Following the knee injury, Glenda began to experience numbness in her hands and fingers, which led to a second claim for a work-related bilateral carpal tunnel injury. Glenda claimed this injury became disabling on April 19, 1990.

Glenda's two workers' compensation claims resulted in a settlement based on twenty-six percent permanent impairment to her left leg and a six percent impairment to each arm. She also filed a claim against the Second Injury Fund for benefits based on an additional disability from the two injuries.

Glenda presented medical evidence confirming she had bilateral carpal tunnel syndrome and the condition arose from her employment. She offered no medical evidence, however, of a percentage impairment rating. Her treating physician reported, in a terse "to whom it may concern" letter dated July 31, 1991, Glenda had a "history of permanent disability relating to knee injuries and carpal tunnel." The medical records also revealed Glenda experienced occasional problems with her hands in 1991.

The Fund presented testimony from a medical doctor who opined Glenda had "no permanent impairment to either upper extremity" due to carpal tunnel syndrome.

Following the presentation of the evidence and closing argument, the administrative judge informed Glenda's counsel she had a "problem" with the lack of evidence of a permanency rating and stated she was "reluctant to give a permanency rating" under such circumstances. Counsel for Glenda responded he did not believe a specific rating was required but "would be happy to leave the record open" for a period of time to obtain a rating from a physician, yet suspected that would not be "the desire" of the judge. The judge responded it was "also not allowed" by law. A written decision followed the hearing denying Glenda's claim based on the failure to prove the second injury resulted in permanent loss or caused permanent disability.

Glenda sought administrative review of the decision, together with a formal request to submit additional evidence before the Industrial Commissioner. Glenda obtained an impairment rating from a physician following the hearing and wanted to submit it as additional evidence. The Industrial Commissioner denied the request and affirmed the administrative decision. The district court also denied Glenda's application to present additional evidence, following her request for judicial review, and affirmed the administrative decision to deny benefits.

Glenda appeals. She claims the Industrial Commissioner erred by requiring her to submit medical evidence of a permanent impairment to her upper extremities as a prerequisite to her claim for Second Injury Fund benefits. She also claims the administrative agency abused its discretion in failing to hold the record open after the hearing to obtain and submit a permanent impairment rating.

### I. Standard of Review

■ Our review is for errors of law. *Squealer Feeds v. Pickering*, 530 N.W.2d 678, 681 (Iowa 1995). We may reverse, modify, affirm or remand for further agency proceedings if the action is affected by error of law or if it is not supported by substantial evidence. Iowa Code § 17A.19(8) (1993). We give deference to the findings of facts of the agency as well as the interpretation of any rules. *Meads v. Iowa Dept. of Social Services*, 366 N.W.2d 555, 561 (Iowa 1985).

### II. Permanent Impairment Rating

■ Liability for an industrial disability caused by two successive injuries is apportioned between the employer and the Second Injury Fund when (1) the employee has either lost or lost the use of a hand, arm, foot, leg, or eyes; (2) the employee sustained the loss, or loss of use of another such member or organ through a work related injury; and (3) there is some permanent disability from the injuries. Iowa Code § 85.64; *Second Injury Fund v. Shank*, 516 N.W.2d 808, 812 (Iowa 1994). When the three circumstances are present, the Fund becomes responsible for the difference between the compensation for which the current employer is liable and the total amount of industrial disability suffered by the employee, reduced by the compensable value of the first injury. *Second Injury Fund v. Nelson*, 544 N.W.2d 258, 269 (Iowa 1995).

■ In this case, the Industrial Commissioner concluded Glenda failed to establish her second injury resulted in permanent loss of use or caused a permanent disability. The thrust of Glenda's claim on appeal is the Commissioner erred by requiring evidence of a permanent impairment rating from a physician.

■ We begin our analysis by observing carpal tunnel syndrome is a compensable scheduled member injury. *Stephenson v. Furnas Elec. Co.*, 522 N.W.2d 828, 832 (Iowa 1994). Consequently it is the type of injury which can trigger Second Injury Fund liability. *See Second Injury Fund v. Nelson*, 544 N.W.2d 258 (Iowa 1995). However, the first two elements of recovery require some permanent loss of the scheduled member to support Second Injury Fund liability. *See* Iowa Code § 85.64. Likewise, the disability under the third requirement requires permanency. *Id.*

■ Expert medical evidence is generally necessary to establish the permanency of an injury. *See Daniels v. Bloomquist*, 138 N.W.2d 868, 873 (Iowa 1965). It is, however, not always essential. In some cases, permanency may be inferred from the nature of the

injury. *Id.* Likewise, an impairment rating by a physician is not always necessary to establish a permanent disability. *See Kancs v. Walker*, 557 N.E.2d 670, 674 (Ind.App. 1990); *Cozine v. Midwest Coast Transport, Inc.*, 454 N.W.2d 548, 552 (S.D.1990) (permanent impairment rating not the same as a disability rating). Bodily impairment is only one factor in determining industrial disability. *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 103 (Iowa 1985).

We agree with Glenda a specific permanent impairment rating by a physician is not a prerequisite to establishing Second Injury Fund liability. However, we do not read the decision of the administrative agency to impose such a requirement in this case. To the contrary, the administrative judge wrote:

> No physician who has examined and/or treated claimant has given her a permanent impairment rating or restrictions demonstrating loss or loss of use to her upper extremities. In the absence of this medical evidence, the undersigned is reluctant to embellish the medical evidence and designate a permanent impairment rating or find restrictions where none are articulated by any physician.

Although the lack of an impairment rating influenced the finding of the administrative agency, it did not control it. Glenda was required to establish her carpal tunnel syndrome resulted in loss of use to her upper extremities. Carpal tunnel syndrome is not the type of injury which readily allows permanent loss to be inferred. Moreover, a medical doctor who examined Glenda was unable to give her any permanent impairment rating. Thus, the agency's "reluctance" under the circumstances to find liability without medical evidence of permanency rating was understandable. We are unable to conclude the agency committed legal error.

We find substantial evidence in the record to support the agency's findings Glenda failed to prove a permanent loss of an enumerated member from the carpal tunnel syndrome. Not only did the Fund produce med-

ical evidence of no impairment rating, the record reveals evidence Glenda was without symptoms for long periods of time following the April 19, 1990 injury. We find substantial evidence supports the agency's finding.[1]

### III. Request to Leave Record Open

Glenda finally claims the administrative judge erred in refusing to hold the record open at the conclusion of the initial hearing to allow her to obtain and submit medical evidence of a impairment rating. Glenda makes no similar claim regarding the denial of her request to the Industrial Commissioner to take additional evidence and the denial of her application to the district court for leave to present additional evidence.

We do not believe Glenda preserved error on this issue. Our review is limited to those questions raised and considered by the administrative agency. *See Soo Line R.R. Co. v. Iowa Dept. of Transp.*, 521 N.W.2d 685, 688 (Iowa 1994). The statement by Glenda's counsel "we would be more than happy to leave the record open" qualified by the comment that it would probably not be "the desire of the hearing officer" is insufficient to raise the claim.

Even if the issue was preserved, we cannot conclude the administrative judge's failure to leave the record open constituted an abuse of discretion. The agency abuses its discretion when it is exercised on clearly untenable grounds or to a clearly unreasonable extent. *Equal Access Corp. v. Utilities Bd.*, 510 N.W.2d 147, 151 (Iowa 1993). Glenda was aware long before the hearing commenced she had no medical evidence of an impairment rating, and knew the Second Injury Fund intended to introduce medical evidence she had no permanent impairment. We find no special circumstances to support any abuse of discretion.

**AFFIRMED.**

---

1. We recognize the Second Injury Fund was not a party to the prior case settlement involving the carpal tunnel injury, and this settlement did not relieve Glenda of her obligation to prove permanent injury or disability in her claim against the Fund.