**In Re the MARRIAGE OF Patricia May EKLOFE and Robert Lee Eklofe**

**Upon the Petition of Patricia May Eklofe, Appellee,**

**And Concerning Robert Lee Eklofe, Appellant.**

**No. 95–191.**

Supreme Court of Iowa.

June 19, 1996.

Thomas M. Walter, of Johnson, Hester, Walter & Harrison, L.L.P., Ottumwa, for appellant.

Patrick F. Curran, of Vinyard & Curran, Ottumwa, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

Appellant, Robert Eklofe, appeals a district court denial of his motion to quash mandatory income withholding for spousal support. We reverse and remand.

## I. Background Facts and Proceedings

The marriage of Robert and Patricia Eklofe was dissolved by decree on April 28, 1985. At that time they had no minor children, but did have a son twenty years old who planned to attend college the following fall. The decree provided as long as the son remained in college, up to the point he turned twenty-two (on May 1, 1987), Robert was to pay $100 per month for his support. The decree also provided Robert was to pay Patricia alimony in the amount of $100 per week continuing until her death or remarriage. The alimony decree was subsequently reduced to $75 upon a motion for modification and appeal by Robert.

On November 24, 1994, Patricia obtained an ex parte mandatory income withholding order from the district court ordering a deduction from Robert's weekly wages in the amount of $100 per week ($75 for current alimony payments and $25 to be applied to past due alimony). Robert filed a motion to strike and set aside the order. At hearing, both parties agreed Robert was in arrears on alimony payments and that the last date at which child support was due was at their son's twenty-second birthday, May 1, 1987. The district court held because there was a child support order in the original decree, even though child support was no longer payable, Iowa Code section 252D.1(1) (1993) provided the alimony was considered support and a mandatory wage assignment was appropriate under section 252D.8. Robert appeals.

## II. Alimony as "Support"

This case requires our interpretation of Iowa Code section 252D.1(1). We review questions of statutory construction for errors of law. Iowa R.App.P. 4. Section 252D.1(1) defines support as

> any amount which the court may require a person to pay for the benefit of a child under a temporary order or a final judgment or decree, and may include child support, maintenance, medical support as defined in chapter 252E, and *if contained in a child support order, spousal support* . . . .

A later provision in the same section provides such "support" payments are subject to the mandatory assignment of income provisions. *Id.* § 252D.1(3). Thus the outcome of this case depends on our interpretation of the term "support" as set forth in section 252D.1(1), particularly whether the term "support" includes spousal support obtained by a decree which at the time of issue contained a provision for child support, but the provision has since expired.

In *In re Cernetisch,* 376 N.W.2d 598, 600 (Iowa 1985), we were faced with the question whether alimony was support within the meaning of chapter 252D. There, we first

examined the preamble to chapter 252D which states it is

AN ACT relating to collection of court ordered payments by providing for the mandatory assignment of a person's income when the person is delinquent in paying court ordered support and providing a penalty, *and* providing for the collection of unpaid alimony, and providing for limits to garnishment, and providing for the validity of garnishment notices.

*Cernetisch,* 376 N.W.2d at 600 (quoting 1984 Iowa Acts ch. 1239) (emphasis added).

We pointed out that alimony was considered separately from support in that it was separated from support by "and" and a comma. Furthermore, we noted another subsection, section 252D.6, set out the collection method for delinquent alimony payments. *Id.* at 601. We then noted the definition of support may include spousal support "if contained in a child support order," but noted that as such was not the case, the spousal support at issue did not fall under the provisions for income withholding. *Id.*

In *In re Metcalf,* 414 N.W.2d 850, 850 (Iowa App.1987), our court of appeals was faced with a situation in which the recipient of alimony payments had primary physical care of four minor children for whom support had been ordered in the same decree. The court distinguished that situation from *Cernetisch* based on the fact the order there included a provision for child support for the four children. *Metcalf,* 414 N.W.2d at 851. Although the payor spouse pointed to *Cernetisch* to argue alimony was not included in the provisions, the court of appeals explained this would be true if the question presented was the issue of alimony alone; however, alimony contained in a child support order was clearly defined as "support" under the code, and therefore income withholding was appropriate. *Id.* at 851–52.

■ Patricia argues the present case is controlled by *Metcalf* because the alimony was set forth in the child support order. Robert raises a distinction in the fact that

the son was of age when the support order issued, therefore it was not a child support order to begin with. We hold this was in fact a child support order, as the code specifically provides educational support for children up to the age of twenty-two provided they are full time students attending a college or university. This child support order, however, was no longer binding on the parties because the son had reached twenty-two years of age several years before the income assignment was sought. Had Patricia sought wage assignment for alimony during the life of the child support obligation, income assignment would clearly be a remedy to which she would be entitled.[1] She, however, neglected to do this until several years after the satisfaction. Because at this time there is no valid order of child support, we hold Patricia may not obtain alimony payments through withholding.

We reverse the decision of the district court and remand to the district court with instructions to sustain Robert's motion to quash and void the mandatory income withholding order.

**REVERSED AND REMANDED.**

---

1. Whether the income assignment would remain valid following satisfaction of the child support obligation is a question not presently before us.