In re the MARRIAGE OF Patricia May EKLOFE and Robert Lee Eklofe

Upon the Petition of

Patricia May Eklofe, Appellee,

And Concerning

Robert Lee Eklofe, Appellant.

No. 97–01.

Supreme Court of Iowa.

Nov. 25, 1998.

Thomas M. Walter of Johnson, Hester, Walter & Harrison, L.L.P., Ottumwa, for appellant.

Patrick F. Curran of Vinyard & Curran, Ottumwa, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

CADY, Justice.

In this action to collect deficient alimony Robert Eklofe seeks protection under Iowa Code section 642.21 (1995) (restricting amount of wages subject to garnishment). The trial court rejected his claim. We affirm in part, reverse in part, and remand.

Robert and Patricia Eklofe dissolved their marriage in 1985. The district court decree required Robert to pay Patricia alimony of $100 per week until she died or remarried. It also obligated Robert to pay monthly child support of $100 for their twenty-year-old son during the time he was a full-time college student but not beyond his twenty-second birthday.

The child support order expired May 1, 1987, when the son turned twenty-two years old. The weekly alimony obligation under the decree was subsequently reduced to $75 following a modification action brought by Robert.

In 1994, Patricia sought to collect past-due alimony and enforce the current alimony obligation through a withholding and assignment of Robert's income. We eventually determined the mandatory income withholding provisions were not available to Patricia to enforce payment of the alimony because the accompanying child support obligation had expired. *See In re Marriage of Eklofe*, 549 N.W.2d 523, 525 (Iowa 1996).

Patricia then sought to collect the delinquent alimony by garnishing Robert's wages. She filed a notice of garnishment in September 1996. By this time, the amount of delinquent alimony had reached $30,200. Robert responded to the notice by filing a motion to restrict the amount of his earnings available for garnishment in any calendar year to $800, the maximum statutory amount commensurate to his income level. Robert expected to earn around $23,500 in 1996. He also claimed only twenty-five percent of his weekly paycheck was subject to garnishment.

The district court determined the annual statutory limitation on the garnishment of wages did not apply when the garnishment was sought to collect court-ordered alimony. It also found sixty percent of Robert's net

disposable earnings each pay period were subject to the garnishment claim.

Robert appealed. He claims alimony is not excepted from the statutory restrictions on the amount of annual earnings subject to garnishment when the alimony obligation is part of an expired child support order. He also argues only twenty-five percent of his paycheck is subject to garnishment each pay period.

### I. Standard of Review.

■ This appeal requires us to interpret Iowa Code section 642.21. Accordingly, our review is for errors of law. Iowa R.App. P. 4.

### II. Background.

■ Garnishment is a process which permits a creditor to enforce the payment of a debt or claim through property or money of the debtor held by another. Iowa Code ch. 642; *Van Maanen v. Van Maanen*, 360 N.W.2d 758, 761 (Iowa 1985). Although a variety of property may be garnished, the process is often used by creditors to force an employer to withhold the earnings of an employee to satisfy the payment of a debt owed by the employee to the creditor.

■ While originally within the sole province of state statute, the garnishment of wages now works in tandem with federal legislation known as the Consumer Protection Act. *Koethe v. Johnson*, 328 N.W.2d 293, 296 (Iowa 1982). Congress intervened into the state garnishment arena by establishing various restrictions on the garnishment of earnings in an effort to uniformly protect debtors from the multiple burdens of unrestricted garnishment of wages and to ensure they receive enough of their take-home pay to meet their basic needs. *See* 15 U.S.C. § 1671 (1994); *In re Kokoszka*, 479 F.2d 990, 996–97 (2d Cir.1973). The Consumer Protection Act does not establish separate federal garnishment procedures, but merely sets a ceiling on the amount of earnings that may be garnished, which preempts any less restrictive state laws. *Evans v. Evans*, 429 F.Supp. 580, 582 (W.D.Okla.1976). The federal restrictions do not apply to the garnishment of property other than earnings. *See* 15 U.S.C. §§ 1672, 1673. Moreover, states are permitted to provide greater restrictions than provided under the federal act. *Id.*; *Benson v. Richardson*, 537 N.W.2d 748, 757 (Iowa 1995).

■ Our Iowa garnishment statute not only adopts the federal restrictions, but also grants additional protections to wage earners not provided under the federal act. *Benson*, 537 N.W.2d at 757. The purpose behind the additional Iowa restrictions largely echos the reasons for the federal restrictions. *See id.* at 759; *MidAmerica Sav. Bank v. Miehe*, 438 N.W.2d 837, 838 (Iowa 1989).

### III. Statutory Restrictions on Garnishment.

The federal act restricts the amount of earnings in a pay period which may be subject to garnishment.[1] Generally, the maximum amount of aggregate disposable earnings of an individual for any workweek subject to garnishment may not exceed twenty-five percent of the disposable earnings for that week. 15 U.S.C. § 1673(a). However, the twenty-five percent restriction does not apply in three situations, including cases involving an "order for the support of any person."[2] *Id.* § 1673(b)(1)(A). When

---

1. 15 U.S.C. § 1673(a) provides:

    (a) Maximum allowable garnishment
    Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
    (1) 25 per centum of his disposable earnings for that week, or
    (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,
    whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

2. 15 U.S.C. § 1673(b)(1) provides:

    (b) Exceptions
    (1) The restrictions of subsection (a) of this section do not apply in the case of

an "order for the support of any person" is involved, up to sixty-five percent of an individual's disposable earnings may be garnished where the individual is not already supporting a spouse or dependent child.[3] *Id.* § 1673(b)(2).

Iowa adopts the federal pay period restrictions.[4] However, it provides additional protections for debtors by further restricting the maximum amount of earnings which may be garnished in each calendar year.[5] Generally, the total amount of earnings any one creditor may garnish in any calendar year is governed by a sliding scale. The scale is based upon the amount of earnings a debtor expects to receive in the year. Iowa Code § 642.21. The threshold amount of wages available for garnishment is $250 for debtors

who expect to earn less than $12,000 annually and increases up to a maximum level of ten percent of earnings for employees who expect to earn $50,000 or more each year. *Id.* The statutory caps, however, do not apply to garnishment based on proceedings "in chapter 252D and sections 598.22, 598.23, and 627.12." *Id.* Garnishment based on these sections is not subject to any annual restriction.

## IV. *State–Federal Workweek Restrictions.*

■ Our first task is to determine whether the twenty-five percent cap on the garnishment of wages for each pay period applies to this case. Robert argues the exceptions to the twenty-five percent federal restrictions

---

(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.
(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.
(C) any debt due for any State or Federal tax.

**3.** 15 U.S.C. § 1673(b)(2) provides:
(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—
(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;
except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

**4.** Iowa Code section 642.21(1) (1995) provides in part:
1. The disposable earnings of an individual are exempt from garnishment to the extent provided by the federal Consumer Credit Pro-

tection Act, Title III, 15 U.S.C. secs. 1671–1677 (1982).

**5.** Iowa Code section 642.21(1) (1995) further provides:

The maximum amount of an employee's earnings which may be garnished during any one calendar year is two hundred fifty dollars for each judgment creditor, except as provided in chapter 252D and sections 598.22, 598.23, and 627.12, or when those earnings are reasonably expected to be in excess of twelve thousand dollars for that calendar year as determined from the answers taken by the sheriff or by the court pursuant to section 642.5, subsection 4. When the employee's earnings are reasonably expected to be more than twelve thousand dollars the maximum amount of those earnings which may be garnished during a calendar year for each creditor is as follows:
*a.* Employees with expected earnings of twelve thousand dollars or more, but less than sixteen thousand dollars, not more than four hundred dollars may be garnished.
*b.* Employees with expected earnings of sixteen thousand dollars or more, but less than twenty-four thousand dollars, not more than eight hundred dollars may be garnished.
*c.* Employees with expected earnings of twenty-four thousand dollars or more, but less than thirty-five thousand dollars, not more than one thousand five hundred dollars may be garnished.
*d.* Employees with expected earnings of thirty-five thousand dollars or more, but less than fifty thousand dollars, not more than two thousand dollars may be garnished.
*e.* Employees with expected earnings of fifty thousand dollars or more, not more than ten percent of an employee's expected earnings.

do not apply because the exceptions under our more stringent state statute do not include garnishment for alimony, and the federal law must yield to the exceptions of the more stringent state law.

It is important to observe the restrictions provided by our state statute do not conflict with the restrictions of the federal act. The federal restrictions only target the amount of earnings in each pay period. The additional restrictions in section 642.21, on the other hand, protect the amount of earnings in a calendar year. The federal act does not address annual restrictions and has not preempted our state restrictions. Thus, we consider the two statutes as one, and look to the level of protection provided to debtors for each pay period under 15 U.S.C. § 1673.

The twenty-five percent restriction is subject to three exceptions. The first excludes "any order for the support of any person issued by a court of competent jurisdiction." *Id.* § 1673(b)(1)(A). In this situation, Congress substituted less stringent restrictions for each pay period. *See id.* § 1673(b)(2). The exception broadly applies to orders for support of "any person," and includes both child support and alimony. *See Perdew v. Perdew*, 61 Ohio App.3d 735, 573 N.E.2d 1137, 1141 (Ohio Ct.App.1989). Additionally, there is no suggestion the alimony obligation imposed in this case was not issued by a

court of competent jurisdiction. *See* 15 U.S.C. § 1673(b)(1)(A). The district court therefore correctly determined the separate less restrictive caps were applicable to this case under 15 U.S.C. § 1673(b)(2).

## V. State Calendar Year Restrictions.

We must next consider whether the additional annual maximum restrictions enacted by our state legislature apply to this case. The resolution of this question turns on whether the underlying alimony order falls within the exceptions "provided in chapter 252D and sections 598.22, 598.23, and 627.12." Iowa Code § 642.21.

In addressing this issue, we observe each of the four statutory exceptions set forth in section 642.21 were amended by our legislature following the entry of the district court order. *See* 1997 Iowa Acts ch. 175, §§ 56, 60, 194, 196, 239. In view of the nature of the amendments, we apply the statute as it exists at the time we consider the appeal.[6]

The four exceptions to the annual ceiling on the amount of earnings a creditor can garnish from a debtor concern the collection of delinquent court-ordered support. Generally, chapter 252D authorizes the court to order the withholding and assignment of income.[7] Section 598.22 sets forth procedures

---

6. Generally, the amendments removed the qualifying language "if contained in a child support order" within the definition of "support" under chapter 252D, and made the chapter 252D procedures applicable to sections 598.22 and 598.23. It also made the chapter 252D definition of "support" applicable to section 627.12.

Statutory amendments made after trial generally do not become part of the appeal. *See State v. All–Iowa Agricultural Ass'n*, 242 Iowa 860, 867, 48 N.W.2d 281, 284 (1951); *In re Marriage of Wallace*, 315 N.W.2d 827, 830 (Iowa App. 1981); 5 C.J.S. *Appeal & Error* § 874 (1993). However, we may consider both prospective and retrospective application of a statute when the amendment relates solely to a remedy or procedure. *See Janda v. Iowa Indus. Hydraulics, Inc.*, 326 N.W.2d 339, 344 (Iowa 1982) (although *Janda* addresses the effect of a statutory amendment prior to the appeal, we utilize the same analysis and reach the same result in applying an amendment enacted pending an appeal); *State ex rel. Buechler v. Vinsand*, 318 N.W.2d 208, 210 (Iowa 1982). A remedial statute affords a private remedy to a person injured by a wrongful act, corrects an existing law or redresses an existing

grievance, gives a party a mode of remedy for a wrong where none or a different remedy existed, or remedies defects in the common law and in civil jurisprudence generally. *State ex rel. Turner v. Limbrecht*, 246 N.W.2d 330, 332 (Iowa 1976), *overruled on other grounds by State ex. rel Miller v. Hydro Mag, Ltd.*, 436 N.W.2d 617, 622 (Iowa 1989) (citing *Schmitt v. Jenkins Truck Lines, Inc.*, 260 Iowa 556, 560, 149 N.W.2d 789, 791 (1967)). Because the amendments in this case provide a mechanism for redress of a wrong and attempt to correct an existing law or grievance, they are remedial in nature. *See State ex rel. Turner*, 246 N.W.2d at 333 (finding the civil provisions of the Consumer Frauds Act were remedial). Further, after considering the language of the act, the manifest evil to be remedied, and an act governing the harm the amendments intended to remedy existed, we consider the amended law on appeal.

7. Iowa Code section 252D.1 as amended provides in relevant part:

If support payments ordered ... are not paid to the clerk of the district court or the collec-

for the collection of support.[8] Section 598.23 allows the court to provide for the assignment of income as an alternative to punishment for contempt of a temporary order or final decree.[9] Finally, section 627.12 declares the personal earnings exemption from execution does not apply to an order for the support of a child.

In determining whether any of the four exceptions apply to this case, we observe Patricia instituted this proceeding under the general garnishment procedures of chapter 642 to collect a debt from earnings of the debtor held by a garnishee.[10] She was not seeking a court order to withhold income under chapter 252D or section 598.22. She also was not requesting the court to withhold income as an alternative punishment for contempt under section 598.23. Therefore, the exceptions to the annual limits for proceedings under chapter 252D, section 598.22, and section 598.23 do not apply to this case. The remaining question is whether Patricia's action is excepted from the annual caps under section 627.12.

Section 627.12 as amended declares the personal earnings of a debtor are not exempt from execution when the debt arises from an order for child support. It provides:

> The personal earnings of the debtor are not exempt from an order, judgment, or decree for the support, as defined in section 252D.16A, of a child, nor from an installment of an order, judgment, or decree for the support of a child.

1997 Iowa Acts ch. 175, § 239.

This section is part of a comprehensive chapter providing for the exemption of certain property from execution. *See* Iowa Code ch. 627. We have previously traced a portion of its legislative history. *See MidAmerica Sav. Bank*, 438 N.W.2d at 839. Originally, the chapter exempted the personal earnings of the head of a family from liability for a debt which was later amended to specifically exempt personal earnings from garnishment. *Id.*; *see* Iowa Code § 627.10 (1954). Section 627.12, however, made this exemption inapplicable to orders for support of a child. Similarly, section 627.11 excluded alimony from the personal earnings exception.

---

tion services center pursuant to section 598.22 and become delinquent in an amount equal to the payment for one month, the child support recovery unit may enter an ex parte order or, upon application of a person entitled to receive the support payments, the district court may enter an ex parte order, notifying the person whose income is to be withheld....
1997 Iowa Acts ch. 175, § 56; *see also* Iowa Code § 252D.8.
The new definitional section adopted by the legislature (section 252D.16A) defines "support" or "support payments" to mean:
... any amount which the court or administrative agency may require a person to pay for the benefit of a child under a temporary order or a final judgment or decree ..., and may include child support, maintenance, medical support as defined in chapter 252E, spousal support, and any other term used to describe these obligations.
1997 Iowa Acts ch. 175, § 60.

8. Iowa Code section 598.22 (1995) and the amended section 598.22 provide in relevant part:
An income withholding order or notice of the order for income withholding shall be entered under the terms and conditions of chapter 252D.

9. Section 598.23 as amended provides in relevant part:

1. If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense.
2. The court may, as an alternative to punishment for contempt, make an order which, according to the subject matter of the order or decree involved, does the following:
  *a.* Withholds income under the terms and conditions of chapter 252D.
  *b.* Modifies visitation to compensate for lost visitation time or establishes joint custody for the child or transfers custody.
  *c.* Directs the parties to provide contact with the child through a neutral party or neutral site or center.
  *d.* Imposes sanctions or specific requirements or orders the parties to participate in mediation to enforce the joint custody provisions of the decree.
1997 Iowa Acts ch. 175, § 96.

10. Section 598.22 (1995) and the amended version of section 598.22 provide:
... [O]rders [for support] have the same force and effect as judgments when entered in the judgment docket and lien index and are records open to the public.

The personal earnings exemption section in chapter 627 was repealed in 1971, the same year the legislature enacted section 642.21. *Id.*; *see* 1971 Iowa Acts. ch. 270. The legislature specified the annual restrictions did not apply to child support orders entered under section 627.12, but made no similar restriction as to alimony ordered under section 627.11. We must assume the legislature acted deliberately in applying the caps as to one section, and not doing so as to the other. *See Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995) ("legislative intent is expressed by omission as well as by inclusion, and express mention of one thing implies the exclusion of others not so mentioned"). We therefore conclude the limits do not apply to orders for alimony.

We acknowledge section 627.11 remains part of Iowa's exemption from execution scheme. Our legislature has simply limited the scope of section 627.11 by excluding it from the exceptions to the garnishment limits under section 642.21. Otherwise, section 627.11 continues to subject personal earnings to execution based upon a spousal support order.

We also observe our legislature has defined "support" in sections 627.12 and 627.11 by using the definition of "support" in chapter 252D. Under section 252D.16A, "support" may include the term "spousal support" but is defined to mean "any amount which a court may require a person to pay for the benefit of a child under a temporary order, final judgment, or decree." 1997 Iowa Acts ch. 175, § 60. There is nothing in the record to indicate the support at issue in this case was "for the benefit of a child."

■ We conclude the statutory garnishment scheme does not except the collection of court-ordered alimony from the annual restrictions under section 642.21. The dis-

trict court erred in determining the annual restrictions set forth in section 642.21 did not apply to Patricia's garnishment claim.

## VI. *Conclusion.*

It is unnecessary for us to determine whether Patricia's claim for garnishment would be excepted from the annual restrictions under other circumstances. Similarly, we need not decide at this time whether the recent amendments to the statutory exemptions from section 642.21 would benefit Patricia in any future action.[11] We only hold that the annual garnishment restrictions provided under section 642.21 apply to the garnishment claim instituted by Patricia in 1996.

We affirm that portion of the district court order which applied the federal pay period restrictions to the garnishment claim. We reverse that portion of the district court order which exempted the garnishment claim from the annual restrictions of section 642.21. We remand to the district court for entry of a judgment limiting the garnishment claim to the maximum amount according to Robert's expected earnings in the calendar year as set forth in section 642.21. Costs shall be divided equally.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

■

---

11. We previously found Patricia was not entitled to a mandatory income withholding order under chapter 252D because the alimony order was no longer a part of an unexpired child support order. *In re Marriage of Eklofe*, 549 N.W.2d at 525. In doing so, we interpreted the "if contained in a child support order" language in the pre-amendment definition of "support" to require the alimony order to be contained in an unexpired order for child support. *Id.* We recognize the recent amendments to chapter 252D eliminated the "if contained in a child support order" requirement from the definition of support, but retained the predicate definition of "any amount which the court may require a person to pay for the benefit of a child." We need not decide if this amendment would permit Patricia to obtain an income withholding order under chapter 252D, or sections 598.22 and 598.23. Patricia's present action did not implicate these sections and the impact of the amendments has not been raised or addressed by the parties.