James SHINE, Appellee,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 98–391.

Supreme Court of Iowa.

April 28, 1999.

Rehearing Denied May 25, 1999.

Thomas J. Miller, Attorney General, and M. Elise Pippin, Assistant Attorney General, for appellant.

Jason D. Neifert and Max J. Schott of Max Schott & Associates, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

CADY, Justice.

The Iowa Department of Human Services appeals from a district court decision finding it was not permitted to offset child support arrearage from a Second Injury Fund settlement. We reverse the district court decision and remand the case for further proceedings.

## I. Background Facts & Proceedings.

James Shine was obligated by court order to pay monthly child support of $100 for his daughter, Tiffany. The support obligation was eventually assigned to the Department of Human Services (DHS) for collection. James' parental rights were subsequently terminated. At that time, he owed approximately $6160 in delinquent child support payments. This arrearage was reduced to $4578.68 through periodic offsets from his income tax refunds.

In 1994, Shine sustained two work-related injuries to his right arm. Because of his injuries, he sought workers' compensation benefits from his employer and the Second Injury Fund. In November 1996, Shine reached a Second Injury Fund settlement for $6500. The Child Support Recovery Unit (CSRU) then notified Shine it would withhold the funds he was to receive from the Second Injury Fund to satisfy his outstanding child support obligation. Accordingly, the CSRU withheld $4578.68 from the $6500 he was to receive from the Second Injury Fund. The remaining balance of $1921.32 was transferred to him.

Shine appealed the CSRU's withholding of funds from his settlement with the Second Injury Fund to an administrative law judge. The administrative law judge found the setoff was appropriate pursuant to Iowa Code section 421.17(29) (1997). The DHS affirmed the administrative law judge's decision. Shine then filed an application for judicial review with the district court. The district court reversed the agency decision finding the DHS had no authority to offset Shine's Second Injury Fund benefits against his outstanding child support debt. It concluded

neither the Second Injury Fund nor the state treasurer fell within the definition of "state agency" or "unit of the state of Iowa" pursuant to Iowa Code section 421.17, and the funds were accordingly excluded from setoff.

On appeal the DHS claims the district court erred by finding funds held by the state treasurer for the Second Injury Fund are not subject to setoff for delinquent child support.

## II. Standard of Review.

■■■ In reviewing an agency decision, the district court functions in an appellate capacity to correct legal error committed by the agency. *City of Sioux City v. GME, Ltd.*, 584 N.W.2d 322, 324 (Iowa 1998). On appeal, we apply the standards of Iowa Code section 17A.19(8) to assess whether our conclusions coincide with those reached by the district court. *Board of Supervisors v. Iowa Civil Rights Comm'n*, 584 N.W.2d 252, 254 (Iowa 1998). Ordinarily, our review is confined to whether the district court correctly applied the law. *Bennett v. Iowa Dep't of Natural Resources*, 573 N.W.2d 25, 27 (Iowa 1997). We also review questions of statutory interpretation for errors at law. *In re Marriage of Eklofe*, 586 N.W.2d 357, 359 (Iowa 1998). Further, we, like the district court, are obliged to broadly and liberally construe an agency's factual findings so as to uphold, rather than defeat, the agency's decision. *Bridgestone/Firestone v. Accordino*, 561 N.W.2d 60, 62 (Iowa 1997).

## III. Set Off of Second Injury Fund Award.

### A. Set-off Procedure for Recovering State Debts.

■■■ A function of the CSRU is to enforce child support obligations. *See* Iowa Code §§ 252B.2–.6; *State ex rel. Dep't of Human Servs. v. Whitebreast*, 409 N.W.2d 460, 463 (Iowa 1987) (discussing the character and functions of the CSRU). One method of recovery of delinquent child support used by the CSRU is to set off the delinquent amount against funds owed to the obligor by the state. A common source of funds used as a setoff is income tax refunds. *See* Iowa Code

§§ 252B.5(4), (8), 421.17(21). Another source involves any debt "owed to an obligor by a state agency."[1] Iowa Admin. Code r. 441–98.81 (1997).

The source of the authority to set off a delinquent child support obligation against a debt owed by an agency is found in Iowa Code section 421.17(29). This section imposes a duty on the director of revenue and finance to "establish and maintain a procedure to set off against any claim owed to a person by a state agency any liability of that person owed to a state agency or a support debt being enforced by the child support recovery unit pursuant to chapter 252B...." Iowa Code § 421.17(29); *see also* Iowa Admin. Code r. 441–98.81; *see Smith–Porter v. Iowa Dep't of Human Servs.*, 590 N.W.2d 541 (Iowa 1999). "State agency" is defined for purposes of this provision:

> "*State agency*" means a board, commission, department, including the department of revenue and finance, or other administrative office or unit of the state of Iowa. The term "*state agency*" does not include the general assembly, the governor, or any political subdivision of the state, or its offices and units.

Iowa Code § 421.17(29)(a)(1).[2]

### B.  Second Injury Fund.

■ Iowa Code chapter 85 governs workers' compensation and contains the Second Injury Compensation Act. *Id.* § 85.63. An award from the Second Injury Fund is supplemental to workers' compensation benefits and is designed to provide an employee with additional compensation when disability is caused by two successive qualifying injuries. *Id.* § 85.64; *Haynes v. Second Injury Fund,* 547 N.W.2d 11, 13 (Iowa App.1996).

The state treasurer and the industrial commissioner play distinct roles in the administration of the Second Injury Fund and the distribution of funds to an injured worker. The state treasurer collects and holds the funds. Iowa Code §§ 85.65, 85.66. Payments to the fund from employers or insurance companies are made to the state treasurer. *Id.* § 85.65. The state treasurer may enforce the collection of contributions. *Id.* § 85.66. Moneys collected for the fund are in the custody of the state treasurer, and cannot be appropriated or diverted for any other use or purpose. *Id.* § 85.66. The state treasurer must also invest any surplus in legal investments. *Id.*

On the other hand, the industrial commissioner retains ultimate decisionmaking control over the Second Injury Fund. Disbursements from the fund may only be paid by the state treasurer upon a written order of the industrial commissioner. *Id.* The industrial commissioner determines the amount of the award the injured employee should receive, the number of weeks of compensation, the date payments shall begin, and the length of time the payments will continue. *Id.* § 85.67.

### C.  Application of Set-off Procedure to Second Injury Fund.

■ The district court concluded the money in the state treasurer's custody for payment to Shine from the Second Injury Fund was excluded from the set-off procedures. It found the state treasurer is a state officer who heads a state office and is excluded from the definition of state agency under section 421.17(29). It further concluded the Second Injury Fund was not a "unit of the State of Iowa" or other state agency within the definition of section 421.17(29)(a)(1).

It is undisputed that a setoff for child support is permissible if an entity owing a child support obligor a debt is a "state agency" under section 421.17(29). We must

---

1. Iowa Administrative Code r. 441–98.81 provides:

   **Offset against payment owed to a person by a state agency.** A claim shall be made by the department against a payment owed to an obligor by a state agency when support payments are delinquent as set forth in Iowa Code subsection 421.17(29). A claim against a payment owed to an obligor shall be applied to court-ordered support which the department is attempting to collect pursuant to Iowa Code chapter 252B.

2. Although the amendment does not impact this case, we note section 421.17(29)(a)(1) defining "state agency" was amended in 1997 to include "or any other state entity reported in the Iowa comprehensive annual financial report." 1997 Iowa Acts. ch. 158, § 9.

therefore first identify the entity which owes Shine his Second Injury Fund claim.

While the district court focused on whether the state treasurer or the Second Injury Fund qualified as a "state agency" pursuant to section 421.17(29)(a)(1), we believe the inquiry should include the industrial commissioner. The state treasurer acts merely in an administrative capacity with respect to the Second Injury Fund. The treasurer does not "owe" the claim to the child support debtor. Instead, the treasurer disburses Second Injury Fund awards at the direction of the industrial commissioner. The industrial commissioner, by virtue of its decision-making role over the fund, determines what awards are owed to a claimant from the fund. Based on its decision, it owes a claimant an award which is payable from the fund. Consequently, the claim owed to Shine from the Second Injury Fund is owed by the industrial commissioner. Accordingly, we must next determine whether the industrial commissioner qualifies as a state agency pursuant to section 421.17(29).

The department of workforce development administers various employment related programs, including workers' compensation. *Id.* § 84A.1(1). The division of industrial services is a division of the department of workforce development. *Id.* § 84A.1(3). The industrial commissioner carries out the duties of this division. *Id.* §§ 86.1, 86.8.

The industrial commissioner qualifies as an "administrative office or unit of the state of Iowa" under section 421.17(29), thus rendering it a state agency for several reasons. First, the chapter governing the industrial services division refers to the division as an agency. *Id.* § 86.24. Second, the industrial commissioner does not fall into the category of the general assembly, the governor, or a political subdivision of the state. *See id.* § 86.4 (limiting political activity and contributions of the industrial commissioner). Third, the industrial commissioner is governed by the Iowa Administrative Procedure Act. *See* Iowa Code ch. 17A, § 86.26; *Ranney v. Parawax Co.*, 582 N.W.2d 152, 153 (Iowa 1998). The Administrative Procedure

Act provides a procedural code for "the operation of all state agencies." Iowa Code § 17A.1; *see also* Iowa Code § 17A.2(1) (defining agency as used in the Administrative Procedure Act). Based upon the industrial commissioner's inclusion in chapter 17A, we find additional support for the conclusion the industrial commissioner is a state agency. Consequently, we find the industrial commissioner is a state agency under section 421.17(29). Accordingly, a setoff for child support arrearage from a Second Injury Fund award is permitted under section 421.17(29).

## IV. Limitations to Setoff.

Iowa Code section 627.13 limits the amount of workers' compensation subject to garnishment, attachment, execution, and assignment. It provides:

> Any compensation due or that may become due an employee or dependent under chapter 85 is exempt from garnishment, attachment, execution, and assignment of income, except for the purposes of enforcing child, spousal, or medical support obligations. For the purposes of enforcing child, spousal, or medical support obligations, an assignment of income, garnishment or attachment of or the execution against compensation due an employee under chapter 85 is not exempt but shall be limited as specified in 15 U.S.C. § 1673(b).

Iowa Code § 627.13.

■ Garnishment is a broad term which permits a creditor to enforce the payment of a debt or claim through property or money held by another. *Eklofe*, 586 N.W.2d at 359. Although the limitations under 15 U.S.C. § 1673(b) (1994) apply to the garnishment of "earnings," the reference to the federal statute in section 627.13 was not meant to limit the garnishment restrictions for child support to earnings, but was done to merely utilize the federal limitations for the purpose of enforcing a child support obligation with workers' compensation funds. *In re Marriage of Carr*, 591 N.W.2d 627, 629 (Iowa 1999).[3] We think the broad definition of

---

**3.** In *Atwater v. Roudebush*, 452 F.Supp. 622, 631 (N.D. Ill. 1976), the court found a set-off procedure utilized by a government agency was outside the scope of the term "garnishment" as used

garnishment clearly embraces the concept of a setoff.

 The limitations applicable to Shine contained in 15 U.S.C. § 1673(b) depend upon whether he is supporting a spouse or dependent child. It is unclear from the record whether Shine is currently supporting a spouse or dependent child. Therefore, we remand this case to the DHS for a determination of Shine's status and the appropriate garnishment amount under the limitations in 15 U.S.C. § 1673.

**REVERSED AND REMANDED.**

in 15 U.S.C. § 1672(c). The court relied on *Western v. Hodgson,* 494 F.2d 379, 382 (4th Cir. 1974), in reasoning the term "garnishment" contemplates a judicial transaction and a set off by a government agency is not a judicial transaction. In *Western v. Hodgson,* the court found a wage assignment was not a garnishment within the Consumer Credit Protection Act. *Western,* 494 F.2d at 382. The court relied upon language in 15 U.S.C. § 1673(c) indicating "no court may make, execute, or enforce any order or process in violation of this section." Following this decision, this section was amended to read, "[n]o court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section." 15 U.S.C. § 1673(c) (amended May 23, 1977, P.L. 95–30, Title V, § 501(e)(1)-(3), 91 Stat. 161).